## LUTHER T. FLOOK *vs.* EBEN B. HUNTING.

*Ground rents—Redemption—Act of* 1888, *ch.* 395.

In a lease executed in March, 1864, for the term of ninety-nine years and renewable forever, the lessor covenanted for himself, his heirs and assigns, with the lessee, his executors, administrators, and assigns, that when the lot of ground described in said lease, should be improved by the erection thereon of good and substantial brick or stone dwelling houses, of specified dimensions, the lessor, his heirs or assigns would at the request and proper cost of the lessee, his executors, &c., execute and deliver to him or them a separate lease for each house so built, with its lot of ground, thereby so apportioning and dividing the entire rent thereby reserved, that each lot into which the whole should be so subdivided should be liable and bound solely for its own rent, which should be a fair proportion of the whole. HELD :

That the rents reserved in the separate leases were not redeemable under the Act of 1888, ch. 395, which provides that all rents reserved by leases or sub-leases of land made after the 5th of April, 1888, for a longer period than fifteen years, shall be redeemable at any time, after the expiration of ten years from the date of such lease or sub-lease, at the option of the tenant.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken by the defendant from a *pro forma* decree of the Court below, (DENNIS, J.) The Act of 1888, ch. 395, referred to in the opinion of this Court, and which took effect from the date of its passage, the 5th of April, 1888, provides "that all rents reserved by leases or sub-leases of land hereafter made in this State for a longer period than fifteen years, shall be redeemable at any time, after the expiration of ten years from the date of such lease or sub-lease, at the option of the tenant, after a notice of six months to the landlord, for a sum of money equal to the capitalization of the

Flook *vs.* Hunting.

rent reserved at a rate not to exceed six per centum.''
The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER,
ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and
BRISCOE, J.

*Allan McLane, Jr.,* for the appellant.

*George R. Willis,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

This was a special case stated for the opinion of the
Circuit Court of Baltimore City. It appears that on
the ninth day of March, 1864, Henry Tiffany leased a
certain lot of ground in Baltimore City to James Boyce
at the annual rent of seven hundred dollars. The lease
was for the term of ninety-nine years, and was renew-
able forever. It contained the usual covenants; and in
addition thereto the following: "And further, the said
Henry Tiffany, for himself, his heirs and assigns, hereby
covenants with the said James Boyce, his executors,
administrators and assigns, that when and as the above
described lot of ground shall have been improved by the
erection thereon of good and substantial brick or stone
dwelling houses, not less than three stories high and
twenty feet front, he, the said Henry Tiffany, his heirs
or assigns, will, at the request and proper cost of the
said James Boyce, his executors, administrators or
assigns, execute and deliver to him or them a separate
lease for each house so built with the lot of ground and
curtilage appurtenant thereto, thereby so apportioning
and dividing the entire rent hereby reserved, that each
lot, into which the whole shall be so sub-divided, shall
be liable and bound solely for its own rent, which shall
be a fair proportion of the whole and payable semi-

annually on the days above mentioned for the payment of the whole rent.'' The leasehold estate is now the property of Eben B. Hunting, subject to the covenants of the lease. Hunting has contracted in writing to sell to Luther T. Flook this leasehold estate, and in the contract of sale he has agreed that when Flook shall have erected the dwelling houses mentioned in the covenant, he can demand and procure from the owner of the original rent the separate leases above mentioned, and that the rents reserved by the separate leases will be redeemable after ten years from their respective dates for a sum of money equal to their capitalization at the rate of six per cent. per annum, under the provisions of the Act of 1888, chapter 395. Flook refused to comply with the contract on the ground that these rents would not be redeemable under this Act of Assembly. The question for the Circuit Court was whether the rents were so redeemable; and it held that they were, and decreed that Flook should perform the contract made in reference to the said lot of ground. He has appealed to this Court.

As the original lease was made long prior to the Act of 1888, it cannot be affected by any of its provisions. This lease very distinctly created an irredeemable ground-rent of seven hundred dollars a year. A redeemable rent, of course, would be of much less value. According to the lease the rent was binding on the whole lot, and it could be collected by distress from any personal property found on the premises except such as was exempt by law. It was payable *in solido,* and not in separate proportions. All the property subject to distress, which was found on the premises was liable for all the rent. An occupant of a portion of the lot could not relieve his goods from distraint by paying a proportionate part of the whole rent. But this covenant for apportionment stipulated that when the lot should have been improved by the buildings mentioned, the lessor would

apportion and divide the entire rent so that each house and its lot should be liable and bound solely for its own rent, which was to be a fair proportion of the whole, and payable on the days appointed for the payment of the whole rent. The object of the covenant was simply to provide for the division and apportionment of the rent, which by the original lease was one and indivisible. Nothing is said about changing the character of the rent, so as to make it redeemable, and therefore less valuable. It is evident that the apportioned rent was to be paid in the same way as the original rent; and that the tenants of the apportioned parts of the leasehold were to have the benefit of the covenants contained in the original lease, and to be subject to the burdens imposed by them. It is not to be supposed that they were to be made liable to more onerous burdens, or to be entitled to greater benefits than those mentioned in these covenants. They were to occupy the position of the original lessee in all respects, except that their rents were to be apportioned. It is true that it is covenanted that the original lessor, or his assigns, shall execute separate leases for the different houses and their lots; but this was the convenient and appropriate mode of apportioning the rent. These separate leases are to be considered in connexion with the covenant in the original lease authorizing and requiring them to be made. By virtue of this covenant they spring out of the original lease, and are virtually separate portions into which it is required to be divided. They cannot be considered as new and independent transactions, originating at the time they are to be executed. There is a covenant in the original lease for a renewal from time to time forever. These renewals will be founded on the considerations which sustain the first lease, and are really but continuations of it; they derive their existence from it, and unless the obligation of a contract may be

violated, they must continue to be made with all the covenants of the first lease embodied in them. The separate leases mentioned in the covenant for apportionment of rent bear the same relation to the original lease, as the leases will do, which are to be made under the covenants to make renewals forever.

We do not think that the rents to be reserved in the separate leases made in pursuance of the covenant will be redeemable under the Act of 1888, chapter 385. The decree of the Circuit Court must be reversed.

> *Decree reversed, with*
> *costs in this Court and*
> *the Circuit Court.*

(Decided 8th June, 1892.)