## DAVID L. MAULSBY et al., Trustees, etc., *vs.* CHARLES PAGE.

*Redemption of Ground Rent—Tender.*

An irredeemable lease for ninety-nine years of a tract of land, executed at a time when such leases could be made, contained a covenant by the lessor to execute separate leases when houses, not less than twenty feet wide, should be built on the land to the end that each such house and lot should be liable only for its proportion of the whole rent on the days mentioned in the lease for the payment of the same. Two houses of the kind mentioned in the lease were erected on the tract, and the lessor executed a separate lease therefor in pursuance of the covenant. In 1888, a statute was enacted which prohibited the future creation of irredeemable [ground rents (Code, Art. 53, sec. 24). In 1894, the owner of the remaining part of the leasehold property, sub-divided it into lots less than twenty feet in width and the owner of the reversion executed a separate lease of each of these lots, reserving different rents payable thereout. *Held*, that the lease of 1894 was not executed in pursuance of the covenant in the original lease, since it changes the sizes of the lots, increases the amount of the rent to be paid and fixes a different date for the beginning of the term, and that since it must be treated as a transaction independent of the original lease, the rents reserved by it are redeemable, under the provisions of Code, Art. 53. sec. 24.

When the owner of a leasehold interest who is entitled to redeem the rent upon the payment of a certain sum, tenders that sum and asks for a deed of conveyance which is refused, but does not keep the tender good, he is not excused from the payment of rent accruing thereafter and before the passage of a decree declaring him to be entitled to the conveyance.

*Decided February 14th, 1907.*

Appeal from the Circuit Court of Baltimore City (Sharp, J.).

The cause was argued before Briscoe, Boyd, Pearce, Schmucker and Burke, JJ.

*C. Alex. Fairbank, Jr.,* for the appellants.

*James McEvoy, Jr.* and *Luther M. R. Willis* (with whom was *George R. Willis* on the brief ), for the appellee.

BURKE, J., delivered the opinion of the Court.

On the ninth day of March, 1864, Henry Tiffany, being the owner in fee simple of a lot of ground situated on the north-west corner of Madison avenue and Dolphin street in the city of Baltimore, leased the same to James Boyce for the term of ninety-nine years beginning on the 8th day of March, 1864, and renewable forever upon the annual rental of seven hundred dollars payable in two equal semi-annual installments on the first days of March and September in each year during the continuance of the lease.

The lease contained the following covenant: "And further the said Henry Tiffany for himself, his heirs and assigns hereby covenants to the said James Boyce, his executors, administrators and assigns that when, and as, the above described lot of ground shall have been improved by the erection thereon of good and substantial brick or stone dwelling houses not less than three stories high and twenty feet front, he the said Henry Tiffany, his heirs or assigns will at the request and proper cost of the said James Boyce, his executors, administrators or assigns execute and deliver to him or them, a separate lease for each house so built with the lot of ground and curtilage appurtenant thereto, thereby so apportioning and dividing the entire rent hereby reserved, that each house and lot into which the whole shall be so sub-divided, shall be liable and bound solely for its own rent which shall be a fair proportion of the whole and payable semi-annually on the days above mentioned for the payment of the whole rent."

The reversion in said lot of ground became vested in Robert L. Hocmelle and Emilie Helene Hocmelle de Poillone, and the leasehold interest therein was acquired by Balster Herman. Herman, having erected upon the lot two houses of the character mentioned in the covenant above quoted, the owners of the reversion, in compliance with the terms of the covenant, executed and delivered to him a separate lease for

said two houses, wherein it was provided that each house and the ground upon which it stood should be bound only for its own rent, which was fixed at one hundred dollars on each house. This lease was dated the 11th day of December, 1893, and contains the following stipulations: "And it is expressly understood and agreed that this lease is executed only for the purpose of performing as to the two lots hereinbefore last mentioned, the covenant hereinbefore mentioned and that it shall not in any way affect the original lease or the residue of the lot herein described except to the extent of reducing by the sum of two hundred dollars the rent payable thereunder."

Balster Herman sub-divided the remaining portion of the leasehold estate into eight lots smaller than those specified in the covenant contained in the lease from Tiffany to Boyce above mentioned, and the owners of the reversion made and delivered to him a separate lease of each of said lots. This lease is dated the 6th day of August, 1894, It contains a particular description of each lot, which is demised for the term of ninety-nine years commencing on the 1st day of September, 1894, and renewable forever. The ground rent reserved upon each lot was made payable in half yearly installments accounting from the 1st day of September, 1894, and the rent was apportioned among the several lots as follows: "One hundred and twenty-five dollars for the lot and parcel of ground hereinbefore firstly described; and the annual rent of eighty-five dollars for each of the lots and parcels of ground hereinbefore secondly, thirdly, fourthly, fifthly and sixthly described, and the annual rent of seventy-five dollars for each of the lots and parcels of ground hereinbefore seventhly and eighthly described."

The leasehold interest in the eighth lot mentioned in the lease of August 6th, 1894, is now vested in the appellee, Charles Page, and the title to the reversion therein is in the appellants, David L. Maulsby, Walter A. Raleigh and I. Stewart George, trustees. The appellee, claiming the right under the provision of law codified in Art. 53, sec. 24, Code

1904, to redeem the rent reserved in the lease of 1894 on his lot of ground, which asserted right was denied by the appellants, filed his bill in this cause, wherein after reciting the facts we have mentioned and also alleging that he had given the notice prescribed by law, he averred that he had tendered to the appellants the sum of twelve hundred and fifty dollars and the accrued ground rent, which they have refused to accept. The specific relief prayed for is that the appellants "may be required by a decree of this Court to execute and deliver unto your orator a deed of the reversion and fee in the lot of ground herein above described so that the said annual rent of seventy-five dollars in the same may be extinguished."

The answer of the defendants admits all the allegations of the bill, except those contained in the seventh and tenth paragraphs. As to these averments the answer states "these defendants deny that the lease from Robert L. Hocmelle *et al.* to Balster Herman referred to in paragraph four of said bill of complaint and filed therewith as Complainants Exhibit No. 3, and under which the complainant in this cause acquired the leasehold title in the lot of ground described therein, was an independent and new lease of all the remaining undivided portion of the original lot of ground, of which the complainant's lot of ground is a part, and also denied that it was not such an apportionment of rent as was contemplated by the original lease from Henry Tiffany to James Boyce set forth in paragraph one of said bill of complaint and filed therewith as Complainant's Exhibit No. 1, and further states that the complainant is not entitled to an extinguishment and merger of said rent upon proper notice given by him to the owners of said reversion, and the tender of the sum equal to an amount of said annual rent capitalized at the rate of six per cent, or twelve hundred and fifty dollars, and states that said ground rent reserved on said lot of the plaintiff is irredeemable."

The appellee filed the general replication, and the case was heard upon bill and answer, and the Court on the 25th of June, 1906, decreed "that upon payment to the defendants by the plaintiff of the sum of twelve hundred and fifty dollars

($1250) and the accrued ground rent to September 1st, 1905, being the day upon which tender of said redemption sum and accrued rent was made to the plaintiff, the said defendant execute and deliver to the plaintiff a good and sufficient deed conveying to him the reversion and the ground rent in the proceedings mentioned." From this decree the respondents appealed.

Two questions only are presented for decision, first, has the appellee the right under sec. 24, Art. 53, Code 1904, to redeem the rent on his lot reserved in the lease of August 6th, 1894? Secondly, had he a right, as decreed by the Court below, to discontinue the payment of rent from the date of the tender alleged in the bill, viz., September 1st, 1905?

The position of the appellants, as stated in the brief of their counsel, is this, "That this rent is irredeemable and that it is an apportioned part of the original rent of seven hundred dollars reserved by the Tiffany lease of 1864, and that the lease reserving the said rent of seventy-five dollars was not a new and independent lease, but only a lease executed in pursuance of and in conformity to the provisions of the contract for apportionment contained in the Tiffany lease, which was executed at a time when rents were irredeemable, unless otherwise specified in the lease." In support of this position the appellants rely upon the case of *Flook* v. *Hunting*, 76 Md. 178, in which this Court had under consideration the question of the redemption of the rent reserved in the lease to Balster Herman in 1893 and referred to above. The Court held that by a proper construction of that lease the rents therein reserved were not redeemable, because it was not within the contemplation of the parties to change the character of the rent, and therefore could not be regarded as a new and independent transaction originating at the time the lease was executed. There was nothing in the language used, or in the circumstances under which the lease was made to have justified any other construction. The stipulation contained therein, which we have quoted, clearly shows that the lease was made in conformity to the original lease of Tiffany to Boyce in 1864.

The facts of the present case are wholly dissimilar to those of *Flook* v. *Hunting*, *supra*, and hence that case cannot be accepted as controlling the question now before the Court. The provisions of the lease of August 6th, 1894, preclude the possibility of holding that it was executed in pursuance of the original lease of 1864. The lease of 1894 is radically and materially different from that of 1864. It fixes a different date for the beginning of the term, and a different time for the payment of the rent. It changes the sizes of the lots, and increases the amount of the rent to be paid. It is essentially inconsistent with the terms of the earlier lease, and must be treated as a separate and independent transaction, and being executed subsequent to the *Act of 1888, ch. 395*, the rent reserved must be held to be redeemable under the provisions of that Act.

2. The Court below fell into an error in holding that the tender set out in the bill was sufficient to relieve the appellee of the payment of the rent accruing after September 1st, 1905, and for this error the decree must be reversed. The averments as to tender are contained in the ninth paragraph of the bill and are as follows: "And now your orator shows that on the 1st day of September, 1905, in accordance with the notice given by him to said defendants in his letter mentioned in the preceding paragraph of this bill of complaint, he did tender to the said defendants the sum of twelve hundred and fifty dollars together with the accrued ground rent due on said lot, and requested the execution of a deed of release for the same to him by them, but that the said defendants did refuse and still do refuse to execute such deed of release to your orator." That such a tender is not sufficient to relieve the appellee from the payment of the accruing ground rent is decisively settled in this State in the case of *Middle States Co.* v. *Mattress Co.*, 82 Md., p. 515.

> *Decree affirmed in part and reversed in part, each party to pay his own costs, and cause remanded.*