## Miles *versus* Miles.

1. A libel by a husband for divorce *a vinculo matrimonii*, under the Acts of May 8th 1854 and March 6th 1855, set forth as grounds for divorce, *such indignities to the person of the husband as rendered his condition intolerable, and such conduct as rendered his life burdensome;* also, grossly immoral conduct, rendering the bringing up of the issue of the marriage properly, impossible. *Held*, that the libel was fatally defective.
2. A decree for divorce on the application of the husband for cruel and barbarous treatment, under the Act of 1854, is fatally defective unless the court on granting the divorce allow the wife alimony.
3. Gordon *v.* Gordon, 12 Wright 226 ; Jones *v.* Jones, 16 P. F. Smith 494, recognised.

May 22d 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Court of Common Pleas of *Centre county:* Of May Term 1874, No. 56.

The proceedings in this case were upon a libel for divorce, by Richard Miles against Mary Jane Miles. The court below decreed a divorce, and the wife appealed to the Supreme Court.

There were no paper-books on either side ; the Supreme Court having considered the case on the record alone.

The questions decided, intelligibly appear in the opinion of the Supreme Court without further statement.

*S. J. M. McCarrell*, for appellant.

There was no appearance or argument for the appellee.

[Miles *v.* Miles.]

Judgment was entered in the Supreme Court, June 1st 1874.

PER CURIAM.—The record in this case is No. 65 of November Term 1869, in which the petition was filed and the subpœna issued. Another petition without number, marked " read, and subpœna awarded August 28th 1869," appears among the papers, but appears not to have been docketed, and no subpœna was issued upon it. No. 65 of November Term is an original, and not an *alias*. It is evident, therefore, that the decree rests on the latter only. The grounds of divorce set forth are, such indignities to the person of Richard Miles as rendered his condition intolerable, and such conduct generally as rendered his life burdensome. Additionally, grossly immoral conduct, rendering the bringing up of the issue of the marriage properly impossible, is averred. None of these fall within the language and purpose of the Act of Assembly entitling the husband to a divorce *a vinculo matrimonii*. These Acts of 1854 and 1855 were considered in Gordon *v.* Gordon, 12 Wright 226, and Jones *v.* Jones, 16 P. F. Smith 494, and according to the principles then ruled, this libel is fatally defective. There is another fatal defect. The Act of 1854, which gives the husband a divorce *a vinculo*, for cruel and barbarous treatment, construed in Gordon *v.* Gordon, provides expressly that the court shall, on granting the divorce, allow such support or alimony to the wife as her husband's circumstances will admit of and the court shall decree just and proper. It nowhere appears in the decree or otherwise that the court even considered the question of alimony, or found that the husband's circumstances did not admit of any support. On the subject of alimony the law makes this plain difference between a husband and a wife plaintiff; on the ground probably that the duty of maintenance once assumed by him is not to be released, and thrown upon the public, without a good reason. He may dissolve the tie which binds him to her alone, so far as it makes his condition intolerable and his life burdensome, but as the head of the family and the maker of its wealth, he is not to be relieved from a duty which humanity and the rights of society demand him to fulfil.

The decree of the court below is reversed and the costs ordered to be paid by Richard Miles.