Dixon's Case.

Argued October 6, 1939.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER,
RHODES and HIRT, JJ.

*Abraham L. Shapiro,* with him *Abraham Wernick,*
Assistant City Solicitors, and *Joseph Sharfsin,* City
Solicitor, for appellant.

*William C. Ferguson, Jr.,* with him *C. Tracy Taylor,*
and *Strong, Saylor & Ferguson,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1940:

This appeal is from a decree entered by the court be-
low sustaining exceptions to a supplemental assessment
for personal property tax made by the Board of Revision
of Taxes, under section 1 of the Act of June 17, 1913,
P. L. 507 (72 PS §4821) as amended.

The facts, which are not in dispute, are as follows:
On December 10, 1928, the appellee, Charles Dixon, then
a resident of New York City, under a deed of trust,
transferred certain stocks and bonds to a New York
trust company as trustee. This deed of trust stipulates
that the settlor is to receive the net income for life, with
remainder over to others upon his death, and that he
reserves the right to direct the purchase, sale, and ex-

change of securities, and to revoke the trust. The corpus of this unrevoked trust has remained, since its creation, in New York City, where it is now administered.

On December 10, 1933, Dixon became a resident of Philadelphia. He filed a county personal property tax return there for the year 1937, showing his taxable property as of December 31, 1936, not including any interest in the New York trust estate. On January 13, 1938, the Board of Revision of Taxes made an additional assessment against him for the year 1937, in the sum of $87,888, being the alleged value of his equitable interest in the New York trust. An application to correct this assessment having been declined by the board, Dixon appealed. The chancellor who heard the case affirmed the board. The court in banc sustained Dixon's exceptions, holding that his interest in the New York trust was not subject to tax under the Act of 1913, supra, as then amended. Thereupon an appeal was taken to this court.

The single question presented before us is: Does a proper construction of the 1913 Act, as amended, make Dixon liable for a four-mills personal property tax for county purposes, imposed in 1937, on his interest in the trust property? We think we can demonstrate that the question should be answered in the negative.

Liability to pay taxes can be enforced only as provided by the applicable statute: *Leopold Tax Assessment Case*, 118 Pa. Superior Ct. 158, 179 A. 904. If Dixon's interest in this personal property is taxable, concededly it is under section 1 of the Act of June 17, 1913, supra (72 PS §4821) as amended by Act of April 21, 1933, P. L. 54, sec. 1, at the time of the board's supplemental assessment. Turning to that statute we find it reads, in part, as follows:

"All personal property of the classes hereinafter enumerated, owned, held, or possessed by any person, persons, copartnership, or unincorporated association or company, resident, located, or liable to taxation within this Commonwealth ...... whether such personal

property be *owned,* held, or possessed ...... in his, her, their, or its own right, or as active trustee, agent, attorney-in-fact, or in any other capacity, for the use, benefit, or advantage of any other person ...... is hereby made taxable, annually, for county purposes ...... at the rate of four mills on each dollar of the value thereof ......" (Italics supplied).

The appellant contends that under the terms of the trust the settlor retained so many incidents of ownership of the trust assets that he is the real owner thereof and cannot escape the payment of the taxes assessed merely because legal title is not in his name.

It will be noted that Dixon was not taxed as the owner of the trust property but only for the value of his life interest, and, concededly, the legal title to the trust assets is in the trustee. Bogert, in The Law of Trusts and Trustees, par. 262, states: "In the absence of contrary statute, the weight of the case authority supports the principle that the executor, administrator, or trustee is to be regarded for the purposes of property taxation as the owner of the trust property."

We think it is clear that the settlor, having parted with his legal title by formal transfer and delivery of the trust property, was not the owner thereof, as alleged by appellant, within the contemplation of the statute we are considering. His retention of a measure of control and the power to revoke are but incidents of the trust and do not establish that he possesses more than an equitable interest therein. In *Dolan's Estate,* 279 Pa. 582, 589, 124 A. 176, the Supreme Court stated: "But the right to revoke, unexercised, is a dead thing ...... to all intents and purposes, title and possession pass just as effectively as any deed or grant could make it, continuing in that state so long as the power of revocation lies dormant."

The payment of taxes on this trust property is an obligation of the trustee: *Cumberland Co. v. Lemoyne Trust Co.,* 318 Pa. 85, 97, 178 A. 32. Undoubtedly it is

taxable in New York, where the property is located and the trust administered: *Griscom's Estate,* 333 Pa. 186, 3 A. 2d 693. If this assessment is sustained, it will result in double taxation. We are aware that double taxation may not be illegal, but it is to be avoided when possible. "An intent to impose double taxation will not be presumed ...... The presumption of law is against it and continues until overcome by express words of the legislature showing such intent." *Arrott's Estate,* 322 Pa. 367, 370, 185 A. 697. We find no such purpose in the 1913 statute.

The wording of the first section of the Act of 1913, *supra,* is, in many respects, similar to section 3 of the original *State* Personal Property Tax Act of June 22, 1935, P. L. 414, which was amended by section 1 of the Act of July 17, 1936, P. L. 51 (72 PS §3244) at a special session of the same legislature which enacted the 1935 Act, so as to include therein a tax on the equitable interest in any personal property owned, held, or possessed by any resident, where the legal title to such personal property is vested in a trustee, domiciled in another state, and where such resident is entitled to receive all or any part of the income.

It was not until the Act of June 19, 1939, P. L. 413 (72 PS §4821) that the *County* Personal Property Tax Act of 1913, *supra,* was amended to include equitable interests in personal property, by the use of language identical with that in the 1936 amendment to the 1935 *State* Personal Property Tax Act, *supra.*

Statutes imposing taxes receive, at the hands of the courts, a strict construction. The words used should be clear and unambiguous, their meaning not extended by implication. If a doubt arises, the construction should be against the government: *Com. v. P. R. T. Co.,* 287 Pa. 190, 196, 134 A. 455; *Leopold Tax Assessment Case,* supra.

In *Com. v. Lehigh Valley R. R. Co.,* 129 Pa. 429, 451, 18 A. 406, the court said: "We do not think it is the

proper function of the judiciary department of the government to impose taxation, which is a species of confiscation, by a strained construction of doubtful legislation. The proper remedy for that kind of difficulty is legislation which is not doubtful." The Supreme Court, in *Dorrance's Estate*, 333 Pa. 162, 171, 3 A. 2d 682, reaffirmed that well established rule, stating that "unless property is clearly within a taxing statute, it is not taxable." See, also, *Arbuckle's Estate*, 324 Pa. 501, 505, 188 A. 758.

In harmony with our judicial decisions is the Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §58 (46 PS §558), which provides: "All provisions of a law of the classes hereafter enumerated shall be strictly construed: ...... (3) Provisions imposing taxes."

In construing section 1 of the 1913 Act, it is important to note that it was not the legislative purpose to tax all personal property, but only that owned, held, or possessed, as therein enumerated, including inter alia, mortgages, moneys owed by solvent debtors, articles of agreement, accounts bearing interest, etc. It is quite significant that equitable interests are omitted from that tabulation of taxables. In view of the list of the special kinds of personal property specifically mentioned, the familiar legal maxim, that the express mention of one thing implies the exclusion of those not included therein, is applicable: *Fazio v. Pittsburgh Rys. Co.*, 321 Pa. 7, 11, 182 A. 696; *Hooks v. Hooks*, 123 Pa. Superior Ct. 507, 512, 187 A. 245.

That the legislature in 1913 did not intend to tax equitable interests in personal property of the type here involved is further fortified by the later amendment of 1939, supra, expressly including such interests as taxable. The legislature having imposed a tax on certain stipulated types of personal property and thereafter having added a particular class of property to the taxable category listed in the original act, the clear impli-

cation is that it was not the purpose previously to include that type of property. Mr. Justice LINN, in *Dorrance's Estate*, supra, in discussing the 1936 amendment to the State Personal Property Act of 1935, stated (p. 171):

"It is quite apparent from the amendment to the Act (if we may refer to it) made by the same legislature at the special session of 1936, that it had no intention, when it passed the Act of 1935, to tax to resident trustees of foreign held trust property, because the amendment provides for the taxing to resident beneficiaries of equitable interests in foreign trusts. Without now considering the power of the legislature as exercised, the amendment taxing beneficial interests would seem to indicate that the legislature thought it had not already taxed the same property in the trustee's hands."

"It is an elementary rule of statutory construction that a change of language indicates a change of legislative intent ......": *Ogilvie's Estate*, 291 Pa. 326, 333, 139 A. 826. Thus, by the addition of the specific language in the 1939 amendment, taxing equitable interests, the legislature evidently considered it had not previously taxed such equitable ownership. Statutes in pari materia, or upon the same subject, must be construed with reference to each other. "...... what is clear in one statute shall be called in aid to explain what is obscure and ambiguous in another": *Neff's Appeal*, 21 Pa. 243, 247. See, also, *Com. v. Lowe Coal Co.*, 296 Pa. 359, 365, 145 A. 916. Section 51, Art. IV, of the Statutory Construction Act, supra (46 PS §551) reads, in part: "When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters ...... (5) the former law.' ......"

*Lines' Estate*, 155 Pa. 378, 26 A. 728, and the other decisions cited by appellant, dealing with the Pennsylvania Inheritance Tax acts imposing taxes upon the transfer of property, do not control the case at hand, involving the questions whether a settlor is the owner of,

and has a taxable interest in, a trust under the Act of 1913, supra.

Under the principles we have discussed, we are of the opinion that in 1937 Dixon was not the owner of the trust property. He had but an equitable interest therein and was not liable for the additional county personal property tax assessed against him.

In view of our construction of the applicable statute and its amendments, it is unnecessary to pass upon the question whether the act would have been unconstitutional if it had, in fact, imposed a tax on Dixon's equitable interest prior to the 1939 amendment.

Order of the court below sustaining appellee's exceptions to the supplemental assessment for county personal property tax made by the Board of Revision of Taxes is hereby affirmed, at appellant's costs.