The facts are stated in the opinion by FETTERHOOF, P. J., of the court below, as follows:
Margaret Myers, whom we shall hereafter designate as appellant, is the widow of Forrest L. Myers, who died August 26, 1933, and was beneficiary named in certain contracts of life insurance with the Northwestern Mutual Life Insurance Company of Milwaukee, Wisconsin; Aetna Life Insurance Company of Hartford, Conn.; and Equitable Life Assurance Company of the United States. The total amount of insurance under the three contracts was $57,598, which the beneficiary elected under the terms of the contracts to remain with the companies at interest.
The appellant filed with the Pennsylvania Department of Revenue personal property tax returns for 1939, 1940 and 1941 in amounts of $11,100, $10,700 and *Page 91 
$10,300 respectively, and paid the taxes in the amount of $44.40, $42.80 and $41.20, respectively.
On October 16, 1941, the Department of Revenue made a Personal Property Tax assessment for the years 1939, 1940 and 1941, and increased the taxable assessment by $57,598 for each year, said amount being designated as "all articles of agreement and accounts bearing interest". Appellant promptly filed with the Department of Revenue a petition for re-assessment which petition was refused by the Secretary of Revenue in an order based upon the opinion rendered by the Supreme Court in the case of Commonwealth v. Ann HackettBeisel, 338 Pa. 519. Appeal has been taken to this court, from the action of the Secretary of Revenue, and as the same question is involved in the three cases, they have been consolidated and will be considered together. The Department of Revenue claims it has authority to assess this tax under the "State Personal Property Tax Act" of June 22, 1935, P. L. 414, Section 3, and the amendatory Act of May 18, 1937, P. L. 633, Title 72 PS 3242-3243-3244. If these insurance proceeds are taxable it can only be under the said acts, the applicable parts being as folows:
"All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident . . . or by any resident as trustee, agent, or attorney-in-fact . . .; that is to say, —
". . . all articles of agreement and accounts hearing interest; . . ."
On April 10, 1942, the case came on for hearing and the appellant testified that upon the death of her husband she received no check or money from the insurance companies but elected under the terms of the policy to leave the money with the various companies, and received dividends which have been paid to her monthly on one policy and quarterly on the other two policies.
Herbert L. Smith, General Agent for the Northwestern Mutual Life Insurance Company, who has had wide *Page 92 
experience in the insurance field, and who is fully qualified to testify relative to insurance matters, testified that the insurance companies collect from the policyholders premiums payable at stated times, which become part of the general funds of the companies. The general funds consist of cash on hand, cash reserve, investments and miscellaneous assets. That "all the assets of a life insurance company are behind any separate policy and the funds are co-mingled at all times". That under Option "A" exercised by appellant, the company retains the funds and returns interest, plus dividends paid by the company over and above the guaranteed amount with the privilege of the beneficiary to withdraw those funds. The beneficiary here has the same rights as the assured, Forrest L. Myers, had. A. E. Botsford, District Manager of the Equitable Life Assurance Society of the United States, and well versed in insurance matters, testified substantially, as did Mr. Smith.
We have read with a great deal of interest the brief of appellant, and if this matter had not been passed upon by our Supreme Court, we might have been inclined to take the view advocated. The State Personal Property Tax Act passed first in 1935, was a new act to provide additional State revenue, and patterned after and followed very closely the four mill Tax Act of June 17, 1913, P. L. 507, Title 72 PS 4821, which had a similar provision relative to liability for four mill tax for county purposes, on all articles of agreement and accounts bearing interest. So far as we have been able to learn this provision was not invoked all these years to include taxes assessed on insurance proceeds of a beneficiary held by the company as in the instant case.
It appears to us that when the Legislature was reaching out for more revenue and subjects upon which to tax, that had it intended to tax proceeds of insurance left with a company by a beneficiary, it would plainly have said so. The Act of 1935 specifically limited tax on annuities to those yielding annually over $200, but in the Act *Page 93 
of 1937, it was particular to remove all limitations and simply state "the principal value of all annuities."
In Dixon's Case, 138 Pa. Super. 385, the court had for consideration the Act of June 17, 1913 (supra), relative to an assessment of the four mills personal property tax for county purposes, and had this to say:
"Statutes imposing taxes receive, at the hands of the courts, a strict construction. The words used should be clear and unambiguous, their meaning not extended by implication. If a doubt arises, the construction should be against the government: Comm. v. P. R. T. Co., 287 Pa. 190."
In Com. v. Lehigh Valley R. R. Co., 129 Pa. 429, the court said:
"We do not think it is the proper function of the judiciary department of the government to impose taxation, which is a species of confiscation, by a strained construction of doubtful legislation. The proper remedy for that kind of difficulty is legislation which is not doubtful."
The Supreme Court, in Dorrance's Estate, 333 Pa. 162, stated that "unless property is clearly within a taxing statute, it is not taxable."
The statutory construction act of May 28, 1937, P. L. 1019, 46 PS Section 558, provides "all provisions of a law of the classes hereafter enumerated shall be strictly construed . . . (3) provisions imposing taxes." The said act further provides, 46 PS Section 551, "when the words of a law are not explicit the intention of the Legislature may be ascertained by considering among other matters . . . (6) the consequences of a particular interpretation; . . . (8) legislative and administrative interpretations of such law."
In the case of Commonwealth v. Vrooman, 164 Pa. 306, Justice WILLIAMS speaking for the Supreme Court said, "in view of the magnitude and the nature of insurance business, it is apparent that the public is largely interested in all that relates to it." *Page 94 
Since this statement was made almost fifty years ago, life insurance has grown very rapidly and today nearly every individual carries insurance in some form. The question involved here is a very important one and affects very materially many beneficiaries, persons who were provided for, usually by someone upon whom they depended, and who by thrift and foresightedness had contracts of insurance to care for them upon their death. The consequences then of the interpretation put on the act under consideration is very important, because it is well known that income or interest derived from insurance left with a company is rather small and when reduced by four mills might make the difference between what would be a comfortable living for a beneficiary and a mere existence. The leaving of these funds with the insurance company is to be commended because very frequently the beneficiaries are not accustomed to handling money, and when paid to them it is lost by improvident investments, or they become victims of designing persons. The fact that the consequences are so grave to many beneficiaries, and apparently no attempt has been made heretofore by the tax enforcing authorities to assert a tax on the proceeds of life insurance, it would seem to us to call for a definite provision in the act before a tax should be collected.
However, regardless of the ingenuity of counsel for appellant, and their able argument, we feel this matter has been passed upon by the Supreme Court in the case ofCommonwealth v. Beisel, 338 Pa. 519, in which the court speaking through Justice STERN stated:
". . . So, here, the funds which are allowed to remain with the insurance companies, bearing interest, clearly come within this category of the State Personal Property Tax Act. The fact that, in their origin, they were the proceeds of insurance policies is immaterial. While insurance policies or their proceeds are not in themselves taxed by the Act, if the beneficiary, or the insured on her behalf, chooses to allow the companies to retain the proceeds and pay them in such manner and *Page 95 
form as to constitute an interest-bearing account, they thereby become an investment which is taxable, irrespective of the source from which they were derived."
Defendant appealed.
The decree is affirmed on the opinion of President Judge FETTERHOOF of the Court below. Costs to be paid by the appellant.