## Commonwealth v. Boyce

*Leon Schwartz*, for Commonwealth.
*Harold Rosenn*, for defendant.

FLANNERY, J., for the court en banc, August 1, 1947.
—It is charged in the indictment that defendant:

". . . within the jurisdiction of this court did attempt unlawfully to dissuade, hinder and prevent one William Shelly, a witness duly required by virtue of due legal process, to attend and testify before the County Court of Broome County, New York, from attending and testifying before said court . . ."

Defendant moved to quash for the reasons:

"No crime has been committed under the laws of the Commonwealth of Pennsylvania since the witness allegedly under subpœna at the time of the alleged commission of the offense charged was not directed to attend and testify before any committee of the legislature, or before any court, judge, justice or other judicial tribunal within the Commonwealth of Pennsylvania.

"No crime has been committed under the laws of the Commonwealth of Pennsylvania since the witness allegedly under subpœna was not required to attend

and testify before any committee of the legislature, or before any court, judge, justice, or other judicial tribunal, by virtue of any legal process or otherwise of any legislative committee, court, judge, justice, or other judicial tribunal within the Commonwealth of Pennsylvania.

"The indictment fails to allege that defendant knew or had reason to believe that the witness was duly required by virtue of due legal process to attend and testify before any committee of the legislature, or before any court, judge, justice, or other judicial tribunal.

"The indictment fails to set forth the name of the person issuing the subpœna by virtue of which the witness was required to attend and testify before any committee of the legislature, or before any court, judge, justice, or other judicial tribunal."

The Penal Code of June 24, 1939, P. L. 872, sec. 324, 18 PS §4324, under which the indictment was drawn, provides:

"Whoever unlawfully dissuades, hinders, or prevents, or attempts to dissuade, hinder, or prevent any witness from attending and testifying before any committee of the Legislature, or before any court, judge, justice, or other judicial tribunal, when so required by virtue of any legal process or otherwise, is guilty of a misdemeanor, . . ."

It would appear that the offense comes squarely within the provisions of the act. But defendant's counsel argues otherwise. It is his contention that The Penal Code of 1939, of which the above section is a part, is nothing more than a reënactment of the previous existing law in streamlined form and its interpretation must depend on the preëxisting law. As authority he cites the Statutory Construction Act of May 28, 1937, P. L. 1019, article VI, sec. 82, 46 PS §582:

"Whenever a law is repealed and its provisions are at the same time re-enacted in the *same* or *substantially* the same terms by the repealing law, the earlier law shall be construed as continued in active operation. All rights and liabilities incurred under such earlier law are preserved and may be enforced." (Italics supplied.)

And so we turn to the preëxisting Criminal Code of March 31, 1860, P. L. 382, sec. 11, which provided:

"If any person shall unlawfully dissuade, hinder or prevent, or attempt to dissuade, hinder or prevent any witness from attending and testifying, who may have been required to attend and testify either before any committee of the legislature *of this state*, or before any civil or criminal court, judge, justice or other judicial tribunal *thereof*, by virtue of any writ of subpœna or other legal process, or who may have been recognized to attend as a witness on behalf of the commonwealth or of any defendant, before any court having jurisdiction, to testify in any case depending or about to be tried in such court, any person so offending shall be guilty of a misdemeanor, and being thereof convicted, shall be sentenced to pay a fine not exceeding five hundred dollars, and undergo an imprisonment not exceeding one year." (Italics supplied.)

Immediately we are impressed with the fact that the language is neither the same nor substantially the same. It is radically different. The limiting words of the Act of 1860, "of this State" and judicial tribunal "thereof" are omitted from The Penal Code of 1939 and it becomes a crime to dissuade, hinder or prevent a witness from attending upon any court when required to attend by virtue of legal process, etc. This is the situation described in the indictment exactly.

"It is an elemental rule of statutory construction that a change of language in a statute indicates a change of legislative intent. Ogilvie's Estate, 291 Pa. 326, 333, 139 A. 826; Commonwealth v. Lowe Coal

Company, 296 Pa. 359, 365, 145 A. 916; Dixon's Case, 138 Pa. Superior Ct. 385, 391, 11 A. 2d 169": Vince v. Allegheny Pittsburgh Coal Co., 153 Pa. Superior Ct. 333, 337.

Here we have a very important change. A change that must have had a very important meaning for the legislators. Enlarging and extending as it does the provisions of the law, it is a change too important to be ignored by the courts. Indeed under the statute we have no discretion or authority to do so:

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Statutory Construction Act of May 28, 1937, P. L. 1019, article IV, sec. 51, 46 PS §551.

The words of the act, "any court, judge, justice, or other judicial tribunal", are all embracing and protect judicial tribunals whether State or Federal and whether this or a sister State when the violation of their authority occurs within the jurisdiction of Pennsylvania.

"A more comprehensive word than 'any' could hardly be employed," says Baldrige, P. J. "It means indiscriminate, or without limitation or restriction. See Oxford English Dictionary and Webster's New International Dictionary": Commonwealth v. One 1939 Cadillac Sedan et al., 158 Pa. Superior Ct. 392, 396.

Assuming for the moment that the statute does not apply, we are satisfied that the indictment is supported by the common law and should be sustained but we do not discuss this phase of the matter because the statute does apply, and defines the offense which the indictment describes.

The remaining reasons concern themselves with the evidence and have to do with the details of trial. They cannot be heard to void the indictment.

Motion to quash is dismissed.