## Commonwealth v. One 1937 Buick Four-Door Sedan

*Horace A. Segelbaum*, Deputy Attorney General, for Commonwealth.

*Marshall M. Cohen*, for respondent.

SCHAEFFER, P. J., April 2, 1948.—This is a proceeding for the forfeiture of a motor vehicle alleged to have been possessed or used in violation of the Pennsylvania Liquor Control Act and the Beverage License Law.

From the evidence the court finds that George E. Trissler is the owner of the automobile in controversy and was in possession thereof at the time of its seizure. On Sunday, September 7, 1947, enforcement officers of the Pennsylvania Liquor Control Board pursuant to complaints visited the premises occupied by George E. Trissler at Martic Forge, Lancaster County, Pa. They purchased from him for $2 11 bottles of beer which he secured from his Buick sedan at his home. Again on Sunday, September 21, 1947, the officers went to his premises and purchased from him for $3 a full case of beer which defendant took from his Buick sedan and placed it in the officers' automobile. On September 22, 1947, the officers seized the automobile at the place of employment of George E. Trissler in Lancaster City. Trissler was arrested and charged with selling beer without a license, pleaded guilty and was sentenced to pay a fine of $200 and costs.

The legal question involved is whether a motor vehicle owned by a person not licensed to sell malt or brewed beverages may be forfeited to the Commonwealth when the vehicle has been used by the owner in the transportation of such beer to his residence where he sells the same illegally.

Defendant contends that in the instant case there was no illegal transportation of beer or illegal sale from the automobile and that defendant did not purchase the beer for the purpose of a subsequent sale but for his own use. Defendant argues that the actual sale took place in defendant's living room. While there was some conversation about the sale in defendant's house, nevertheless, defendant went outside with the officers to his car and obtained the beer on both occasions from his automobile.

In Commonwealth v. One 1937 Pontiac Coach, 48 Lanc. 253 (1942), this court forfeited a motor vehicle used in the transportation of liquor from which it was sold illegally. This court said:

"If the scope or application of the 1937 Act as to the forfeiture of vehicles should be limited it would contravene the general purpose of the Act. It would permit one while using an automobile in the transportation of legal liquor or beer to sell such liquor therefrom in transit or at its destination illegally or without a license and then claim immunity from the forfeiture of the automobile. Other similar instances could be cited, but the Legislature did not intend such a result. . . . By a liberal construction of the entire Act in question and by keeping in mind its general purpose, the court concludes from the particular facts and circumstances of the instant case that the automobile was used for an illegal purpose and in deliberate violation of the Pennsylvania Liquor Control Act. An unlawful sale of liquor or beer, if identified and connected with the use of an automobile, may subject the vehicle to forfeiture under proper procedure."

In Commonwealth v. One 1939 Cadillac Sedan et al., 158 Pa. Superior Ct. 392 (1946), the Superior Court affirmed the decree of forfeiture of a sedan which was seized in a garage. It was contended by claimant that the automobile was not being used in the illegal transportation of liquor when seized. The Superior Court said, at page 395 of the opinion:

"The plain language of section 201 (f) means that a past, as well as a present, use of a vehicle in the illegal transportation of liquor subjects the vehicle to seizure. To hold otherwise would entirely ignore the words 'or have been used'. This we cannot do as power is not within the court to delete or disregard them: Com. v. Hubbs, 137 Pa. Superior Ct. 229, 239, 8 A. 2d 611. 'When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit': Statutory Construction Act, May 28, 1937, §51, Art. IV, P. L. 1019, 46 PS §551. A comparison of the provisions of the several statutes throws considerable

light on the question of legislative intent. The Act of 1933, *supra*, did not give to the Liquor Control Board, the right to have its investigators seize and confiscate vehicles used in the illegal transportation of liquor. That authority appears first in the Act of 1935, which provided that vehicles 'which are being used in . . . transportation' of liquor shall be seized. It was not until the amendment of 1937 that the board was given power to seize 'any . . . vehicles which are *or have been used* in the unlawful transportation' of liquor. [Italics supplied.] This change of language, by including the past, as well as the present, use of any vehicle, is very significant (Ogilvie's Estate, 291 Pa. 326, 333, 139 A. 826; Dixon's Case, 138 Pa. Superior Ct. 385, 11 A. 2d 169) and completely answers the first contention of the appellant."

In Commonwealth v. One 1940 4-Door Oldsmobile Sedan, 57 Dauphin 134, the Oldsmobile was forfeited which had been used in the transportation of beer and thereafter illegally sold from the car. Likewise, in Commonwealth v. One Buick Sedan, Nos. 39 and 40, October sessions, 1942, the court of Franklin County, in a per curiam opinion, ordered the forfeiture of the automobile where the owner bought in a State liquor store marked whiskey which was placed in her automobile and taken to her place of business. The enforcement officers made purchases from her in her bedroom. The court held that the hauling of the liquor legally purchased is not forbidden by law, but when taken into consideration with the other facts and the illegal sale of the liquor it makes the transaction a continuous use and constitutes illegal transportation of liquor. See also Commonwealth v. One 1938 Black Cadillac Sedan, 43 D. & C. 530, decided by Judge Patterson of Blair County; Commonwealth v. One 1936 Ford Truck, 136 Pa. Superior Ct. 473

In Commonwealth v. One Dodge Sedan, 141 Pa. Superior Ct. 34, 40, Keller, P. J., said:

"Knowing the evils which can result from the violation of these salutary laws, it is not for courts to refuse to carry their punitive provisions into effect, on the ground of their harshness. Any alleviation of their penalties is a matter for the legislature, not the courts."

And now, April 2, 1948, it is ordered and decreed that the 1937 Buick 4-door sedan, Pennsylvania license no. 8625J (1947), manufacturer's no. 3027373, engine no. 63185314, owned and seized in the possession of George E. Trissler be and the same is hereby declared forfeited to the Commonwealth of Pennsylvania, and it is ordered that said vehicle be delivered to the Pennsylvania Liquor Control Board for its use or for sale or disposition by the board in its discretion.