## Palmer Estate

*John G. Frazer, Jr.,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for accountant.

*Anne Z. Alpern,* city solicitor, and *J. Frank McKenna, Jr.,* assistant city solicitor, for claimant.

Cox, J., March 15, 1949.—At the audit of this estate the City of Pittsburgh presented a claim for personal property tax in the amount of $95.53 assessed under the provisions of Ordinance No. 486, enacted by the Council of the City of Pittsburgh pursuant to the authority of the Act of June 25, 1947, P. L. 1145.

Decedent was a resident of Pittsburgh. The administrator of his estate is a resident of Beaver County, Pa. He is in the insurance business and conducts his insurance business in an office in the Clark Building, City of Pittsburgh, where the assets which the City of Pittsburgh alleges are taxable are physically located and where the administration of the estate was conducted by the administrator.

The administrator denies the claim of the City of Pittsburgh for the tax, asserting that under the provisions of the ordinance assessing the tax and the act of the legislature providing for the tax there is no tax liability.

The question to be decided may be simply stated: When a resident of the City of Pittsburgh has died

and his personal representative resides outside the physical limits of the City of Pittsburgh but the estate is administered within the limits of the City of Pittsburgh and the property of the estate is located herein, is the property subject to taxation?

The Act of 1947, supra, provides for the levying of the tax by cities of the second class on persons, transactions, occupations, privileges, subjects, and personal property within the limits of such political subdivision as it shall determine. Exceptions are made to this authority, which are not involved in this controversy and therefore need not be considered.

The general intent of the legislature is expressed in section 1 of the act as follows:

"It is the intention of this section to confer upon such political sub-division the power to levy, assess, and collect taxes upon any and all subjects of taxation which the Commonwealth has power to tax, but which it does not now tax or license, subject only to the foregoing provision that any tax upon a subject which the Commonwealth does hereafter tax or license shall automatically terminate at the end of the fiscal year of the subdivision".

The subject matter of the tax is personal property of decedent's estate which is physically present within the confines of the City of Pittsburgh. The property of decedent, therefore, comes expressly within the grant of authority of the Act of 1947, supra, and the City of Pittsburgh may by proper ordinance impose a tax on it.

Ordinance No. 486 of the City of Pittsburgh, enacted November 20, 1947, is the assessment and imposition of a tax on the basis of the authority granted by the Act of 1947. It provides:

"A tax at the rate of two mills on each dollar is hereby imposed for the year 1948 and annually thereafter on the value of all personal property of the classes taxed by the County of Allegheny pursuant to the Act of June

17, 1913, P. L. 507, as amended and enumerated in Section 1 of said act, owned, held or possessed by any resident, which as used in this section shall mean any person, persons, copartnership or unincorporated association, or company resident, located, or liable to taxation within the City of Pittsburgh, or by a joint stock company or association, limited partnership, bank or corporation whatsoever formed, created, or incorporated by, under, or in pursuance of any law of the Commonwealth of Pennsylvania or the United States, or of any other State or Government, and liable to taxation within the city. . . ."

The act excepts therefrom property held within the city by the executor or administrator of the estate of a nonresident decedent. It is admitted that the property on which the city has assessed a tax comes within the type of property of the classes taxed by the County of Allegheny pursuant to the Act of June 17, 1913, P. L. 507. The taxability of the property, therefore, must be determined by the specific provisions of the taxing ordinance.

"Statutes imposing taxes receive, at the hands of the Courts, a strict construction. The words used should be clear and unambiguous, their meaning not extended by implication. If a doubt arises, the construction should be against the government: Com. v. P. R. T. Co., 287 Pa. 190, 196, 134 A. 455; Leopold Tax Assessment Case, *supra*, . . .": Dixon's Case, 138 Pa. Superior Ct. 385.

The Supreme Court, in Dorrance's Estate, 333 Pa. 162, 171, 3 A. (2d) 682, affirmed that well established rule, stating that unless property is clearly within the taxing statute it is not taxable.

The criterion governing the construction of tax statutes is concisely set forth by the following language in Callery's Appeal, 272 Pa. 255, 272:

"In construing statutes relating to taxation, three rules must be steadily borne in mind: (1) No tax can be collected in the absence of a provision clearly imposing it upon the class to which the taxpayer or his property belongs; (2) Where the taxpayer or his property is within the general language of the statute imposing the tax, all exempting provisions are to be strictly construed against the claim for exemption; (3) Provisions relating either to the imposition of or exemption from a tax, are to be construed as to give effect, as nearly as reasonably may be, to the common law duty to tax equitably and ratably all those within the given class, this subject being partially dealt with also in Article IX, section 1, of our Constitution."

The principles laid down in Callery's Appeal, supra, have been reiterated by the Superior Court of Pennsylvania as recently as Thaw's Estate, 163 Pa. Superior Ct. 484, 488.

With these concepts in view, we therefore examine the ordinance of the City of Pittsburgh. The personal property taxed is of a nature clearly covered by the ordinance. The ordinance imposes the tax on the specified classes of personal property set forth therein owned, held, or possessed by any resident. It defines resident to mean any person, persons, copartnership, or unincorporated association, or company resident, located, or liable to taxation within the City of Pittsburgh. Is the administrator, in reference to personal property of decedent's estate held by him within the physical limits of the City of Pittsburgh, also a resident of the City of Pittsburgh for tax purposes? His quality as a resident of the City of Pittsburgh in connection with this matter is determined by the definition of a resident contained in the ordinance under discussion, which defines a resident to be one who resides in Pittsburgh, is located in Pittsburgh, or is liable to taxation in the City of Pittsburgh.

In the recent case of William P. McJunkin and John S. Patton, Jr., trading as the McJunkin Patton Company, v. City of Pittsburgh and James P. Kirk, Treasurer of the City of Pittsburgh, at January term, 1949, no. 3128, in equity, in the Court of Common Pleas of Allegheny County, an attempt was made by plaintiffs to restrain defendant, City of Pittsburgh, from collecting a personal property tax imposed by ordinance no. 486, enacted under authority of the same act, by which the present tax is assessed. The plaintiffs based their resistance to the tax on the fact that McJunkin and Patton were partners trading as the McJunkin Patton Company, neither of whom resides in the City of Pittsburgh, although the partnership conducts its business from the partnership office, which is located in the City of Pittsburgh. Plaintiffs contended that the tax could not be imposed on securities owned by the partnership on deposit in a bank in Pittsburgh as security for a running account with the partnership, because they, the partners, were not residents of the City of Pittsburgh. The court, denying the injunction and holding the tax to be a valid exercise of the taxing authority of the city, held that a partnership is an entity for the purpose of taxation if it has personal property at the place where the partnership is located. There is no difference in logic between this ruling in the case of a partnership doing business in the City of Pittsburgh and owning securities located in the City of Pittsburgh and the facts in the instant case. The securities in the instant case, too, are in the City of Pittsburgh, and are in the possession of the personal representative of decedent, who is settling the estate of a former resident of the City of Pittsburgh in the City of Pittsburgh.

We believe the administrator in this case is clearly within the provisions of the taxing ordinance, which defines a resident as one located or liable to taxation

within the City of Pittsburgh. He therefore, is a resident of the City of Pittsburgh who owns, holds, or possesses personal property located within the City of Pittsburgh of the class taxed by the ordinance in accordance with the specific authority of the Act of 1947, supra. The administrator has failed to point to any provision of the taxing ordinance which specifically excludes the property taxed from taxation under the ordinance. The burden to do so is imposed on him. Although the ordinance does exclude personal property of a nonresident decedent in the possession of a fiduciary in the City of Pittsburgh, this exclusion does not cover the property of a resident decedent located within the physical boundaries of the City of Pittsburgh and being administered therein. If any logic follows from the exclusion of a nonresident decedent's property physically present in the City of Pittsburgh in the hands of his personal representative, it would be that the ordinance intended property of a resident decedent physically located in the City of Pittsburgh should be taxed.

A tax must have relationship to a performance by a taxing community of some service to the person or thing taxed. In the instant case, the City of Pittsburgh provides all the protective facilities of government for the protection of the property taxed by it during its physical location within the confines of the city. Police protection, fire protection, and all other security features of government operation are received by this property. The property, therefore, as considered with other property which is taxed by the city, is a proper subject of taxation, for the reason of the benefits received by it from the municipal government of the City of Pittsburgh. Although it would seem that our analysis, which holds that the administrator is a resident of two communities at the same time is unique, the law is replete with instances in which such a circumstance

is recognized. This is particularly so in relation to taxation. It must be remembered that in this instance it is not the administrator who is being taxed, but the property which he holds as administrator of the estate and which is physically located within the City of Pittsburgh.

For the reasons set forth in the foregoing opinion the claim of the City of Pittsburgh for personal property tax will be allowed.