**Welch Estate**

*Alonzo R. Horsey,* and *Roger M. Whiteman,* for appellant.

*John A. Kaufman,* Special Assistant Attorney General, for Commonwealth.

TAXIS, P. J., April 30, 1964.—Florence Gertrude Welch died on November 14, 1961, a resident of Montgomery County. In addition to assets situated in Pennsylvania, she owned real estate in Kansas. Upon this property, the Kansas Department of Revenue imposed a "Legacy and Succession Tax" in the amount of $382.85, and an "Estate Tax" in the amount of $494.59 The former is comparable to the Pennsylvania Transfer Inheritance Tax, and the latter is a "pick-up" tax designed to take advantage of the State tax credit allowed in computing Federal estate taxes.

Pennsylvania transfer inheritance taxes have been assessed and paid in full. In addition, this estate is liable for additional taxes under the Pennsylvania Estate Tax Act of May 27, 1927, P. L. 859, sec. 1, as amended, 72 PS §2303, and this appeal is from the statement thereof filed by the register of wills.

The controversy stems from the refusal of the register to allow a credit for amounts paid to the State of Kansas on account of its estate tax in computing the liability for Pennsylvania estate taxes. The governing act supra, reads as follows, insofar as relevant:

"The said Pennsylvania Estate Tax upon the estate of every decedent as aforesaid shall be computed as follows: The aggregate transfer inheritance taxes

due under the act to which this act is a supplement shall first be ascertained: Provided, That the amount of such aggregate taxes due shall be reduced by the amount of any discount allowed under the act to which this is a supplement. To such amount, there shall be added the amount of any *estate*, inheritance, legacy or succession *taxes actually paid to any other State* or territory or the District of Columbia or any possession of the United States, in respect to any property owned by such decedent, subject to such taxes as a part of or in connection with his estate . . ." (Italics supplied.)

The Commonwealth argues that the Attorney General's office has ruled for many years that the credit sought here is not available, and has introduced correspondence in support of this petition. It also points out that Pennsylvania does not levy any estate tax whatever upon the property of nonresident decedents, and that equity, therefore, requires the result here sought, in order to prevent double loss in revenue to the Commonwealth. I am of the opinion, however, that the statutory language is plain.

The statute qualifies ". . . any estate . . . taxes actually paid to any other state . . ." for the credit. It is difficult to conceive of more exact verbiage in these circumstances. The word "estate" in the Pennsylvania act refers to precisely the same type of tax that it encompasses in the Kansas law. As an aspect of the determination of the credit, the word could easily have been omitted from the statute, and its exclusion would have then conveyed the same clear legislative intent that its inclusion now does.

For example, section 421 of the 1961 Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, 72 PS §2485, provides that ". . . any death tax expressly imposed to receive the benefit of the credit for State death taxes allowed by the Federal estate tax law . . ."

shall not be allowed as a credit in computing the Pennsylvania Estate Tax. In its comment to this section, the Joint State Government Commission indicated that this was a change in existing law, in its opinion. In addition, where the words of a statute concerning a given subject matter are altered by the legislature, there is a presumption that the new language is intended to have a different construction from the old: Commonwealth v. Moon, 383 Pa. 18.

A helpful decision is McKinney Estate, 26 D. & C. 2d 758. There a resident of Pennsylvania died owning real estate in Florida, which State apparently imposed only a "pick-up" estate tax on the estates of nonresident decedents. As here, such tax was paid to the foreign State, but the Pennsylvania authorities refused to allow credit therefor in computing the estate tax due this Commonwealth. After a careful analysis of the Federal act and the history of the Pennsylvania estate tax, and basing its decision on the clear wording of the act, the Orphans' Court of Crawford County held that a credit for all taxes paid to the State of Florida was allowable in computing the Pennsylvania estate tax due.

Indeed, a matter such as this is affected by the Pennsylvania Statutory Construction Act: Act of May 28, 1937 P. L. 1019, 46 PS §558. Section 58 thereof specifically announces that provisions of laws imposing taxes must be strictly construed. As said by the Superior Court in Dixon's Case, 138 Pa. Superior Ct. 385, 389, "Statutes imposing taxes receive, at the hands of the courts, a strict construction . . . If a doubt arises, the construction should be against the government."

And now, April 30, 1964, the appeal is sustained, and the assessment of Pennsylvania estate tax is reduced by the sum of $494.59.