## Elmer v. Elmer, Appellant.

[Marked to be reported.]

*Divorce—Alimony, how collected—Fi. fa. and ca. sa.—Act,* 1854.

Where an action of divorce is brought by the husband under the Act of May 8, 1854, § 1, P. L. 644, payment of alimony allowed the wife may be enforced by fi. fa. or attachment, but not by ca. sa., as there is no Act of Assembly authorizing the employment of that writ for such purpose.

*Petition for writ—Correction of amount named—Practice.*

A petition which states that no alimony had been paid and prays for process to compel its payment, is sufficient. It need not state the amount due. That is a mere matter of calculation, and if the writ be issued for more than is due, the court can correct it, upon application.

Argued May 18, 1892. Appeal, No. 135, Jan. T., 1892, by defendant, from decree of C. P. Lancaster Co., Dec. T., 1886, No. 21, discharging rule to set aside fi. fa. and ca. sa. to enforce

payment of alimony. Before Paxson, C. J., Sterrett, Mc-
Collum, Mitchell and Heydrick, JJ.

The facts as they appeared before the court below, Patter-
son, J., are stated, in substance, in the opinion of the Supreme
Court. A decree of divorce *a v. m.* was entered March 3, 1890,
at which time the order for alimony was made.

*G. C. Kennedy*, with him *John H. Fry*, for appellant.—The
affidavit for the writ did not state what amount was due or
when due, nor did it specify the kind of process desired. As
a fact, the writs were issued to collect more alimony than was
due.

The right of the courts to collect alimony, depends upon
Acts of Assembly passed for that purpose; for instance, in
cases of divorce *a mensa et thoro* provided for by Act of
Feb. 26, 1817, the Act of Apr. 15, 1845, provides for the entry
of the alimony order as a lien on which execution may issue,
and further provides for the issuing of an attachment to en-
force decrees. This particular kind of divorce has been super-
seded in Lancaster county by the special desertion Acts of
1869, P. L. 75, and 1867, P. L. 271, under which Acts the de-
fendant is arrested and imprisoned for non-compliance with the
order of the court of quarter sessions, and only discharged
upon proof of inability to pay. Under the Act of 1845, an at-
tachment can be issued for non-compliance with the decree,
and the defendant cannot be discharged under the insolvent
laws : Heise v. Heise, 10 L. Bar, 20.

An attachment could also probably issue for the collection
of alimony, counsel fees, etc., ordered pending divorce pro-
ceedings.

The successful libellant for divorce, under the Act of 1854,
cannot be ordered to pay the costs, as the statute does not so
provide : Shoop's Ap., 34 Pa. 235.

This divorce was decreed under the Act of 1854 which pro-
vides no method of enforcing the decree of the court for ali-
mony, nor does any Act passed since that time create any
method of so doing. The proper practice would have been for
the respondent to issue a scire facias to ascertain the amount
of alimony due, and, on the judgment there obtained, to issue
a fi. fa. and, if that failed, possibly an attachment might have
issued ; but there is no authority for the issuing of a ca. sa.

As to the right to appeal from a decree of this nature see Vocht v. Kuklence, 119 Pa. 365.

*Philip D. Baker*, for appellee.—The Act of 1854 makes it imperative upon the court below, upon decreeing a divorce, to accompany the same with alimony. They have seen fit to so modify their original decree after a period of over a year, on the petition of respondent, to direct a fi. fa. and ca. sa. to be issued in amount of one hundred dollars. This was purely the action of the court for which it had authority. The Act of Apr. 15, 1845, Purd. 617, pl. 27, says: " The said courts may enforce their decree by attachment, on the return of which they make such order, either to imprison or discharge the defendant, as the case may justify." See also Mann v. Mann, 7 W. N. 507.

OPINION BY MR. CHIEF JUSTICE PAXSON, July 13, 1882.

This was a proceeding in divorce brought by William Elmer, the libellant, against his wife, Bellmina Elmer, on the ground of cruel and barbarous treatment. The action was brought under the first section of the Act of Assembly of May 8, 1854, P. L. 644, which provides, *inter alia*, " that in cases of divorce under this Act, if the application shall be made on the part of the husband, the court granting such divorce, shall allow such support or alimony to the wife, as her husband's circumstances will admit of, and as the said court may deem just and proper."

A verdict having been rendered for the libellant on the trial below, and a motion for new trial dismissed, a rule was taken by the respondent to fix the amount of alimony. This rule was subsequently made absolute, and the libellant ordered to pay the respondent $25 semi-annually until further order of the court. No appeal was taken from any of these proceedings.

On July 9, 1891, the respondent filed her petition and affidavit stating that no alimony had been paid to her, and praying for the process of the court to compel the payment of the same. The court thereupon issued a writ of fi. fa. and ca. sa. against the libellant for the collection of the sum of $100, which writ the court subsequently refused to set aside upon the application of the libellant. This refusal is the only error assigned.

It was urged as a defect in the proceeding that the petition did not set forth the amount of alimony due at the time, and

that the execution was issued for more than was due. We see no force in these objections. The petition set forth distinctly that no portion of the alimony had been paid. The amount due, therefore, was a mere matter of mental arithmetic, so simple that a child could solve it. If the writ had been issued for more than was due, the court below would have corrected it upon a proper application.

I am not aware, however, of any authority for issuing a ca. sa. in such case. It was conceded by the learned counsel for the appellee that the fi. fa. may regularly issue, and that the decree may be enforced by attachment. It was further contended that the ca. sa. was of the same nature as an attachment, and more merciful to the appellant. We do not see the force of this. The amount of mercy in a ca. sa. is limited. The objection to it, however, is that it is not authorized by any Act of Assembly, and this is sufficient without further discussion. While the ca. sa. must be set aside, we see no sufficient reason why the fi. fa. should not stand.

The order is reversed, and the ca. sa. set aside at the costs of the appellee.