## Woods v. Woods.

R. P. Shick, for petitioner; F. J. Graham, contra.

MARTIN, P. J., July 24, 1929.—A libel in divorce was filed Dec. 14, 1927. On March 9, 1928, respondent was ordered to pay a counsel fee and $12 a week alimony. When the order was made, he was employed as a blacksmith. On April 13, 1929, he was forced to give up his employment, and alleges that he has been without means to pay the alimony since that date. It appears from the answer and depositions that libellant has abandoned the prosecution of the divorce proceedings and is treating the order for alimony as a support order. This is irregular. Libellant should make application to the Municipal Court for support.

The testimony is undisputed that respondent is unable at the present time to continue payment and that libellant has refused to prosecute the divorce proceeding. Further payment of alimony should not be required.

And now, to wit, July 24, 1929, the rule to show cause why the order for alimony pendente lite should not be vacated is made absolute, without prejudice to the right of libellant to renew the application for alimony if within a reasonable time she proceeds with her cause and produces proof of the ability of respondent to pay.