Opinion by
 

 Keller, P. J.,
 

 When this case was here before — 127 Pa. Superior Ct. 471, 193 A. 83 — we reversed the order of the Municipal Court, principally on the ground that the judge who heard the case was under the impression that he was obliged to refuse an order of support, because a written agreement of separation had been entered into between the husband and wife; and this, in spite of testimony of the wife, which, we felt, required an examination into the circumstances attending its execution. We referred in our opinion to a number of decisions of the Supreme Court and this Court, dealing with such agreements of separation, and pointed out specifically
 
 (Com. v. Smith,
 
 200 Pa. 363, 365, 49 A. 981), that the duty of hearing and finding the facts as to whether the agreement of separation was reasonable in its terms, had been fairly entered into by the parties, and had been carried into effect in good faith, was for the court below, not the appellate court. It was not our intention to usurp the functions of the fact-finding body, but only to require that court to perform its duty in this regard and not dismiss the case without making such a finding and determination after a full hearing and consideration of the evidence.
 

 A full hearing has now been had before a different judge, and the case is here again, on appeal by the wife from an order discharging her petition for support. The trial judge, whose judicial fitness is unquestioned, after seeing and hearing the witnesses, was satisfied “upon a consideration of all the evidence, that there was no fraud practiced upon the petitioner, that she knew and understood the import of what she was signing when she signed the agreement in question, that nothing was hidden from her, and that there was a fair disclosure of all of the assets of the respondent.” He
 
 *295
 
 likewise was of opinion that the agreement was not unreasonable in its terms. There is competent evidence in the record to support these findings. Much of the appellant’s testimony at the former hearing was rebutted or satisfactorily explained by the respondent and his witnesses at this one. There was evidence from which the judge might find that the entering into of a separation agreement was not forced upon the wife, but was her own idea or, at least, was favorably received by her; that the draft of the proposed agreement was sent to her and was in her possession for nearly a week, before it was signed — long enough for her to consult counsel; that changes in its terms which she suggested were made in the final draft; that the dwelling-house referred to in the former opinion, was not unencumbered, but was heavily mortgaged; that respondent’s other assets were pledged for heavy loans; that petitioner signed the deeds for the real estate several days after the execution of the agreement; that she was anxious to go to Columbus, Ohio, where her family resided; and that she took with her most of the furniture, which apparently, was of considerable value. That the terms of the agreement were carried out was not denied.
 

 It is not necessary to go into the unpleasant details of the case which led to the desire of both parties for a separation.
 

 We are all of opinion that there is sufficient evidence in the record to support the findings of the judge who heard and disposed of the case.
 

 The order is affirmed.