Commonwealth ex rel. Lipschultz *v.* Lipschultz, Appellant.

Argued October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*David S. Malis*, with him *Leonard F. Markel, Jr.*, and *Malis, Malis & Malis*, for appellant.

*Thomas J. Burke*, with him *H. Lester Haws*, and *Haws & Burke*, for appellee.

Opinion by Wright, J., November 16, 1955:

After a lengthy hearing, at which the only testimony was that of the parties themselves, the court below entered an order against Howard Lipschultz in the amount of $25.00 per week for the support of his wife, Vivian Simkins Lipschultz. This appeal followed.

The parties were married on May 31, 1953, and they have no children. Both are graduates of Temple University. For the first eight months they lived at the home of the wife's parents. They then purchased a dwelling in Cynwyd, wherein they resided until December 12, 1954, on which date the wife returned to her parents' home. The husband continued to reside in the dwelling until March 22, 1955, on which date the wife removed all of the furniture, even including the electrical fixtures. The husband testified that he had been keeping the home open for his wife to return. He professed his love for her and his desire to resume cohabitation. On the other hand, the wife flatly refused to consider a reconciliation.[1] She consulted an attorney immediately after the separation and has consistently taken the position that divorce is the only solution.

Summarizing very briefly, the testimony of the wife was that "I had to leave" because of "the treatment that I had at home by my husband". She first stated that her husband did not speak to her at all. She later modified that statement to the effect that their conversations were "not about me and not about him and not about us". She stated that her husband cursed and struck her several times, frequently threatened to leave, and that he once allowed his father to use opprobrious language toward her, and then requested that

[1] "By the court: Q. Any possibility of going back to your husband? A. No, sir".

she call his father and apologize. She admitted that she slept in the same bed with her husband and that, on the evening before she left, they had gone to the movies together. The husband unequivocally denied cursing or striking his wife. He explained that his father's language on the occasion in question was precipitated by the wife's conduct toward her mother-in-law. Apparently the wife did not care for her husband's parents. Perhaps the basic difficulty, however, was the attitude of the wife's mother who frequently stated, according to the husband's testimony, "that I wasn't good enough for her . . . and that she had married way beneath herself".

At the time the order was entered, the hearing judge stated that it was "more or less a nominal order" and "just to recognize the marital status". In his opinion, after pointing out that "Mrs. Lipschultz was a rather spoiled child of wealthy parents", the hearing judge continues as follows: "The question raised by the defendant is the justification of the wife in leaving the defendant's home. *Frankly, the trial judge had some doubts as to such justification* but did not feel that the court, in a non-support case, should pass upon the question of whether or not Mrs. Lipschultz had grounds for a divorce or was entitled to a divorce. As a practical matter, from the atmosphere it seemed to the trial judge that divorce proceedings were in the offing *and whether the defendant was directed to pay an order of support in non-support proceedings or as alimony pendente lite in the divorce proceedings, seemed of little moment* (italics supplied)".

In limine, we cannot approve the reasoning upon which the decision of the lower court was based. It should be noted that an order for alimony pendente lite is of a somewhat different character than an order for support: *Hanson v. Hanson*, 177 Pa. Superior Ct.

384, 110 A. 2d 750. An order for alimony pendente lite is not res judicata in a support proceeding: *Commonwealth ex rel. Mosey v. Mosey*, 147 Pa. Superior Ct. 466, 24 A. 2d 59; nor does the refusal of a support order preclude the wife from securing alimony pendente lite: *Dicken v. Dicken*, 56 D. & C. 531.

Our duty on this appeal is to determine whether there is sufficient evidence to sustain the order of the hearing judge: *Commonwealth ex rel. Rovner v. Rovner*, 177 Pa. Superior Ct. 122, 111 A. 2d 160. The burden is upon a wife, who has withdrawn from the marital domicile, to prove that her husband's conduct justified her in leaving him or that he consented to the separation: *Commonwealth ex rel. Arbitman v. Arbitman*, 161 Pa. Superior Ct. 529, 55 A. 2d 586. A voluntary withdrawal by the wife without adequate legal reason defeats her right to support: *Commonwealth ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 57 A. 2d 720. In the words of Judge, now Mr. Justice, ARNOLD in *Commonwealth ex rel. Van Wagenen v. Van Wagenen*, 167 Pa. Superior Ct. 354, 74 A. 2d 740: "The wife having voluntarily left her husband, in order to be entitled to support she was bound to justify her withdrawal by some reason sufficient in the law". The mere allegation that cohabitation is unbearable, unsupported by facts or reasons, is not sufficient: *Commonwealth v. Popkin*, 165 Pa. Superior Ct. 489, 69 A. 2d 160. Our review of the record in the case at bar has convinced us that the wife did not meet the burden which the law imposes upon her.

The order of the court below is reversed, appellant to pay the costs.