## Wargo *v.* Wargo, Appellant.

Argued October 3, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Rocco C. Falvello*, with him *John Skweir*, for appellant.

*Daniel J. Boyle*, with him *John T. Pfeiffer, III*, and *John B. McGurl*, for appellee.

OPINION BY WRIGHT, J., November 12, 1957:

This is an appeal from an order of the court of common pleas of Schuylkill County striking from the rec-

ord successive cumulative judgments for arrearages on an award of alimony pendente lite, each of which judgments was entered merely on an ex parte affidavit of default accompanied by a praecipe directed to the Prothonotary. We agree with the court below that this method of summary enforcement cannot be approved.

On March 21, 1949, Albert W. Wargo filed a complaint in divorce against his wife, Lucille M. Wargo, on the grounds of cruel and barbarous treatment and indignities to the person. The parties were married on October 2, 1920, and separated on April 5, 1948. There are three adult children. On July 25, 1949, Lucille was awarded alimony pendente lite in the sum of $50.00 per month. On March 20, 1950, a rule granted on Albert's petition for leave to discontinue was discharged. The judgments in question were entered on September 21, 1950, June 1, 1951, March 29, 1955, and February 29, 1956, in the amounts, respectively, of $300.00, $750.00, $3050.00, and $3600.00. On April 3, 1956, a rule was granted to show cause why the said judgments should not be stricken from the record. On July 22, 1957, this rule was made absolute. On August 2, 1957, the court below entered an order of supersedeas pending this appeal.

Section 46 of The Divorce Law of 1929, P. L. 1237, 23 P.S. 46,[1] provides that "the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite". The purpose of alimony pendente lite is to enable the wife to maintain the principal action, and it differs somewhat in character from an order for support: *Hanson v. Hanson,* 177 Pa. Superior Ct. 384, 110 A. 2d 750; *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 117 A. 2d 793. See

---

[1] This section has not been suspended by the Rules of Civil Procedure governing the action of divorce. See Pa. R. C. P. No. 1409(2).

also *Commonwealth ex rel. Kralik v. Kralik,* 137 Pa. Superior Ct. 565, 9 A. 2d 921. The existence of an order of the court of quarter sessions requiring a husband to pay support to his wife does not prevent the court of common pleas from awarding alimony pendente lite, *Heilbron v. Heilbron,* 158 Pa. 297, 27 A. 967, nor is the refusal of the court of quarter sessions to enter an order of support a bar to a claim for alimony pendente lite in a subsequent divorce proceeding in the common pleas: *Dicken v. Dicken,* 56 D. & C. 531. Conversely, neither the existence nor vacation of an award of alimony pendente lite in the court of common pleas is a bar to the securing of an order for support in the court of quarter sessions: *Commonwealth v. MacMaster,* 88 Pa. Superior Ct. 37; *Commonwealth v. Scholl,* 156 Pa. Superior Ct. 136, 39 A. 2d 719. The two proceedings may run concurrently: *Commonwealth ex rel. Mosey v. Mosey,* 147 Pa. Superior Ct. 466, 24 A. 2d 59.

While an award of alimony pendente lite is a final order from which an appeal will lie, *Gould v. Gould,* 95 Pa. Superior Ct. 387, it is not a judgment on which execution can issue, nor a lien on the husband's land, nor a decree in equity for the payment of money: *Groves's Appeal,* 68 Pa. 143. Alimony pendente lite is not a debt recoverable in an assumpsit action: *Waltier v. Waltier,* 52 D. & C. 573. The customary methods of enforcement are by stay of proceedings or attachment. On the subject of alimony in general see the interesting historical resume by Judge (now President Judge) RHODES in *Hooks v. Hooks,* 123 Pa. Superior Ct. 507, 187 A. 245.

Appellant attempts to justify her procedure under section one of the Act of 1921, P. L. 434, 48 P.S. 136.[2]

---

[2] "Whenever any court of competent jurisdiction has made an order or entered a decree or judgment against any husband requir-

We seriously question, but need not here decide, whether this statute was intended to include awards for the payment of alimony pendente lite. If an anomalous situation would otherwise result, as argued by Freedman,[3] the remedy should lie with the legislative and not the judicial branch. Appellant cites *Commonwealth ex rel. Deutsch v. Deutsch*, 347 Pa. 66, 31 A. 2d 526, but that case involved a support order in the court of quarter sessions which was certified to the court of common pleas pursuant to the Act of 1901, P. L. 143, 12 P.S. 1001. Assuming arguendo that the Act of 1921 does apply, we are in accord with the position of Judge STAUDENMEIER that appellant could not avail herself of its provisions without first filing an appropriate petition "praying for process of court to compel the payment of any amount legally determined to be due".[4]

Appellant also argues that appellee's petition should not have been considered by the court below because of the violation of certain procedural rules of the Schuylkill court of common pleas. This is a matter which was within the discretion of the lower court. See *Germ v. Price*, 175 Pa. Superior Ct. 286, 104 A. 2d 166.

Appellant's final contention is that, instead of striking the judgments, the court below should have granted leave to amend. She relies principally upon *West Penn Sand and Gravel Co. v. Shippingport Sand Co.*, 367 Pa. 218, 80 A. 2d 84. That case dealt solely with procedural irregularities in the entry of an amicable action

---

ing him to pay any sum or sums for the support of his wife or children or both, the court may issue the appropriate writ of execution . . ."

[3] Law of Marriage and Divorce in Pennsylvania, 2nd Ed., section 460.

[4] A similar procedure was followed in an early case dealing with the enforcement of an award for permanent alimony. See *Elmer v. Elmer*, 150 Pa. 205, 24 A. 670.

and confession of judgment in ejectment on a lease containing a waiver of errors. Moreover, counsel for appellant concedes in his brief that "there are judgments subsequent to those entered by the wife which would take precedence in the records if the wife's judgments are stricken". The cited case expressly does not apply where the rights of third persons may be prejudiced.

The order of the lower court is affirmed.