Wargo, Appellant, *v.* Wargo.

Argued June 11, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*D. J. Boyle,* with him *John T. Pfeiffer, III,* for appellant.

*Rocco C. Falvello,* with him *John Skwier,* for appellee.

OPINION BY WRIGHT, J., September 16, 1959:

We are concerned on this appeal with the question whether the Act of May 10, 1921, P. L. 434, 48 P.S. 136, confers upon the court of common pleas the right to

enter judgment for arrearages on an order for the payment of alimony pendente lite in a divorce action. When the case was here before, we affirmed an order of the court below striking from the record successive cumulative judgments entered merely on ex parte affidavits of default. See *Wargo v. Wargo,* 184 Pa. Superior Ct. 587, 136 A. 2d 163. The wife thereafter petitioned for a rule to show cause why judgment should not be entered, and the husband moved to discharge the rule. The court below made the rule absolute, and directed the entry of judgment in the sum of $5000.00. The husband has appealed.

The parties were married on October 2, 1920, and separated on April 5, 1948. On March 21, 1949, the husband filed a complaint in divorce on the grounds of cruel and barbarous treatment and indignities to the person. On April 18, 1949, the wife petitioned for alimony pendente lite alleging that she would "be put to considerable expense in the preparation of her case", and was "without funds to properly pay for the divorce proceedings in defending herself". On July 25, 1949, the court below awarded alimony pendente lite in the sum of $50.00 per month. On August 8, 1949, the husband filed a petition to discontinue the divorce action, but the court below discharged the rule granted thereon. According to the opinion filed in that connection, the husband paid the order up to February 15, 1950, and was not then in default. Instead of thereafter making an effort to secure an order of support in the court of quarter sessions, which could have been certified to and entered in the court of common pleas as a judgment under the Act of May 8, 1901, P. L. 143, 12 P.S. 1001, the wife has sought to obtain a like result by artificially prolonging the divorce action, and attempting to confer upon the award of alimony pendente lite a status which we believe is unwarranted.

The Act of 1921, presently under consideration, is set forth in full in the footnote[1]. It is apparent that the primary object of this statute was to authorize the collection of support orders from spendthrift trusts. As pointed out in our prior opinion, *Wargo v. Wargo,* supra, 184 Pa. Superior Ct. 587, 136 A. 2d 163, awards of alimony pendente lite differ somewhat in character from orders for support. "One of the purposes in fixing alimony *pendente lite* is to award the wife money with which to meet her *expenses* in connection with the

---

[1] "Section 1. Be it enacted, &c., That whenever any court of competent jurisdiction has made an order or entered a decree or judgment against any husband requiring him to pay any sum or sums for the support of his wife or children or both, the court may issue the appropriate writ of execution against any property, real or personal, belonging to the defendant to enforce said order, decree, or judgment, and the said court may issue a writ of attachment execution, or writ in the nature of attachment execution, against any money or property to which said husband is entitled, whether under what is known as a spendthrift trust or otherwise; and the said writ of attachment execution shall become a lien and continuing levy upon any money or property to which he may be in any way entitled, whether under what is commonly known as a spendthrift trust or otherwise; and, in cases of levy on, or attachment of, any trust, said levy or attachment shall only be for fifty per centum thereof, and shall remain a continuing levy until the order, decree, or judgment has been paid in full, with costs; and, in cases where the order, decree, or judgment requires the payment of stated sums at stated intervals, said writ of attachment execution shall remain a lien and continuing levy until the last payment due under such order, decree, or judgment has been made, with costs. The person against whom such an order, decree, or judgment is made shall not be entitled to the benefits of any exemption law now in force or hereafter passed. The provisions of this act shall apply to any trust, whether it is such a trust as is known as a spendthrift trust or otherwise, whether such trust was created or came into existence before or after the passage of this act. Where an attachment execution is issued, the further proceedings thereon shall be in the manner heretofore practiced and allowed in cases of foreign attachment."

litigation, until a final decree is entered . . ." *Rutherford v. Rutherford,* 152 Pa. Superior Ct. 517, 33 A. 2d 921. An order for the payment of alimony pendente lite is intended to cover only "the period that the proceeding may with due diligence be prosecuted to a conclusion"; *Koehler v. Koehler,* 73 Pa. Superior Ct. 41. Such an award is not res judicata in a support proceeding, nor does the refusal of a support order preclude the wife from securing alimony pendente lite: *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 117 A. 2d 793. In fact, we have held that an order for the payment of alimony pendente lite was properly entered despite testimony tending to support a charge of adultery: *Hanson v. Hanson,* 177 Pa. Superior Ct. 384, 110 A. 2d 750. It is therefore evident that a wife may be awarded alimony pendente lite by the court of common pleas in a divorce proceeding, although unable to obtain an order of support in the court of quarter sessions.

As demonstrated in the preceding paragraph, awards of alimony pendente lite do not have the same status as orders for support. It is irregular to treat them as identical. See *Woods v. Woods,* 12 Pa. D. & C. 740. The customary methods of enforcing awards for the payment of alimony pendente lite are by stay of proceedings or attachment. There is no statute clearly prescribing any other remedy, and no appellate court case has been cited wherein the right now sought has been approved. In *Groves's Appeal,* 68 Pa. 143, it was held that an award of alimony pendente lite was "not a judgment upon which an execution could issue". In *Kerr v. Kerr,* 216 Pa. 641, 66 A. 107, it was said: "Proceedings in divorce are statutory throughout, and alimony, one of its features, is just what the statute makes it. It is a lien against real estate only when it is declared to be so by the statute". The case of *Elmer*

*v. Elmer,* 150 Pa. 205, 24 A. 670, cited by appellee, involved an award of permanent alimony under the Act of May 8, 1854, P. L. 644, and can concededly be distinguished. *Commonwealth ex rel. Deutsch v. Deutsch,* 347 Pa. 66, 31 A. 2d 526, and *Stewart's Estate,* 334 Pa. 356, 5 A. 2d 910, also cited, are similarly not controlling. Each of those cases involved a support order, not an order for the payment of alimony pendente lite. Nor are we persuaded by appellee's reference to the Uniform Enforcement of Support Law, Act of May 10, 1951, P. L. 279, 62 P.S. 2043.1 et seq., and The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, 62 P.S. 2043.31 et seq.

Our conclusion is that the legislature did not intend the Act of 1921 to include awards for the payment of alimony pendente lite. In this view of the case it becomes unnecessary to consider appellant's contention that the wife was guilty of laches. See *Lehner v. Montgomery,* 180 Pa. Superior Ct. 493, 119 A. 2d 626.

Judgment vacated.