## Belsky *v.* Belsky, Appellant.

Argued September 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, and FLOOD, JJ. (RHODES, P. J., and MONTGOMERY, J., absent).

*Nochem S. Winnet*, with him *Fox, Rothschild, O'Brien & Frankel*, for appellant.

*Michael C. Rainone*, with him *Josephine H. Klein*, for appellee.

OPINION BY WRIGHT, J., November 16, 1961:

This appeal arises from an award of alimony pendente lite. On November 30, 1959, Helen Belsky filed a complaint against her husband, Nathan Belsky, for a divorce a mensa et thoro. As a collateral matter in that proceeding, the wife petitioned for counsel fee and alimony pendente lite. In his answer to this petition the husband pleaded an ante-nuptial agreement, alleged by him to be a release of his wife's claim. By order dated December 9, 1960, the court below rejected the husband's contention, made an award of counsel fee, and continued the matter for inquiry into the husband's financial status. On May 2, 1961, an order was entered fixing the amount of alimony pendente lite at $100.00 per week. The husband has appealed.[1]

---

[1] The wife also filed an appeal, argument of which has been continued at the request of counsel pending disposition of the instant appeal by the husband.

On September 9, 1958, Nathan Belsky, a widower with two adult children, and Helen Bonavitacola, a widow with an adult child, were united in marriage. Prior to the marriage an ante-nuptial agreement was executed. The parties lived together until June 27, 1959, when a separation occurred. The precise issue before the court involves the interpretation of paragraph 8 of the ante-nuptial agreement dated August 25, 1958, which reads as follows:

"8. HELEN shall retain as her own property all of the income that she may receive from her property as set forth in Exhibit 'C', hereto attached. In consideration of the relinquishment of any rights that NATHAN may have in her income, HELEN hereby waives, relinquishes, and releases any and all rights, claims or demands for maintenance and support that she may have under the law against NATHAN in the event that she shall cease to live together with NATHAN as husband and wife. HELEN further acknowledges that the income from her separate property is sufficient to maintain and support her and that this Agreement shall be a complete and legal defense to any claim for support that she may assert against NATHAN".

Appellant's statement of the question involved on this appeal is as follows: "Does a wife's release of any and all claims for support and maintenance preclude her claim for alimony pendente lite?" Appellee's counter-statement sets forth additional questions relating to public policy, material misrepresentation, and overreaching. For the purposes of our present decision it will be unnecessary to determine those issues, as we are clearly of the opinion that the language of the instant ante-nuptial agreement does not in any event operate to bar an award of alimony pendente lite.

The validity of an ante-nuptial agreement depends upon the presence of one of two factors, namely, a reasonable provision for the wife or, in the absence of such

provision, a full and fair disclosure to the wife of the husband's worth: *Kaufmann Estate,* 404 Pa. 131, 171 A. 2d 48. The court must inquire into the circumstances attending the execution of an agreement of this character, and it will be enforced only if it meets the necessary conditions: *Commonwealth ex rel. Miller v. Miller,* 176 Pa. Superior Ct. 64, 106 A. 2d 627. This appellee is entitled to have the validity of the instant agreement judicially determined. She cannot do so if she is deprived of her day in court. One of the important purposes of an award of counsel fee and alimony pendente lite is to prevent such a denial of justice. Cf. *Shuman v. Shuman,* 195 Pa. Superior Ct. 155, 170 A. 2d 602.

The gist of appellant's argument is that "alimony is support money", and that his wife waived "any and all rights, claims or demands for maintenance and support". It should of course be noted that we are not here dealing with permanent alimony. Appellant relies principally upon the lower court case of *McClenen v. McClenen,* 36 Pa. D. & C. 270, wherein it was held that the claim of the wife for temporary alimony was barred under the language of a post-nuptial agreement. It is significant that an inquiry into the circumstances attending the execution of that agreement had previously been directed by this court: *Commonwealth ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 193 A. 83, and its validity had been judicially established: *Commonwealth ex rel. McClenen v. McClenen,* 131 Pa. Superior Ct. 293, 200 A. 110. We do not consider the case in any way controlling in the light of our recent decisions on the subject of alimony pendente lite.

In *Wargo v. Wargo,* 184 Pa. Superior Ct. 587, 136 A. 2d 163, we made the following statement here pertinent: "Section 46 of The Divorce Law of 1929, P. L. 1237, 23 P.S. 46, provides that 'the court may, upon petition, in proper cases, allow a wife reasonable ali-

mony pendente lite'. The purpose of alimony pendente lite is to enable the wife to maintain the principal action, and it differs somewhat in character from an order for support: Hanson v. Hanson, 177 Pa. Superior Ct. 384, 110 A. 2d 750; Commonwealth ex rel. Lipschultz v. Lipschultz, 179 Pa. Superior Ct. 527, 117 A. 2d 793. See also Commonwealth ex rel. Kralik v. Kralik, 137 Pa. Superior Ct. 565, 9 A. 2d 921. The existence of an order of the court of quarter sessions requiring a husband to pay support to his wife does not prevent the court of common pleas from awarding alimony pendente lite, Heilbron v. Heilbron, 158 Pa. 297, 27 A. 967, nor is the refusal of the court of quarter sessions to enter an order of support a bar to a claim for alimony pendente lite in a subsequent divorce proceeding in the common pleas: Dicken v. Dicken, 56 D. & C. 531. Conversely, neither the existence nor vacation of an award of alimony pendente lite in the court of common pleas is a bar to the securing of an order for support in the court of quarter sessions: Commonwealth v. MacMaster, 88 Pa. Superior Ct. 37; Commonwealth v. Scholl, 156 Pa. Superior Ct. 136, 39 A. 2d 719. The two proceedings may run concurrently: Commonwealth ex rel. Mosey v. Mosey, 147 Pa. Superior Ct. 466, 24 A. 2d 59".

The *Wargo* case came before us a second time. See *Wargo v. Wargo,* 190 Pa. Superior Ct. 356, 154 A. 2d 339, allocatur refused, 190 Pa. Superior Ct. xxvi. On that occasion we again set forth that awards of alimony pendente lite do not have the same status as orders for support and it is irregular to treat them as identical. We therein made the following statement: "As pointed out in our prior opinion, Wargo v. Wargo, supra, 184 Pa. Superior Ct. 587, 136 A. 2d 163, awards of alimony pendente lite differ somewhat in character from orders for support. 'One of the purposes in fixing alimony pendente lite is to award the wife money with

which to meet her expenses in connection with the litigation until a final decree is entered . . .' Rutherford v. Rutherford, 152 Pa. Superior Ct. 517, 33 A. 2d 921. An order for the payment of alimony pendente lite is intended to cover only 'the period that the proceeding may with due diligence be prosecuted to a conclusion'; Koehler v. Koehler, 73 Pa. Superior Ct. 41. Such an award is not res judicata in a support proceeding, nor does the refusal of a support order preclude the wife from securing alimony pendente lite: Commonwealth ex rel. Lipschultz v. Lipschultz, 179 Pa. Superior Ct. 527, 117 A. 2d 793. In fact, we have held that an order for the payment of alimony pendente lite was properly entered despite testimony tending to support a charge of adultery: Hanson v. Hanson, 177 Pa. Superior Ct. 384, 110 A. 2d 750. It is therefore evident that a wife may be awarded alimony pendente lite by the court of common pleas in a divorce proceeding, although unable to obtain an order of support in the court of quarter sessions".

In brief, the term "maintenance and support" does not have the same connotation as the term "alimony pendente lite". Our present decision is based upon the obvious fact that paragraph 8 of the instant ante-nuptial agreement does not mention or purport to cover the latter subject. In the words of President Judge CARROLL, speaking for the court below:

"In the depositions taken as to the facts surrounding the execution of the prenuptial agreement, it is admitted that the petitioner was not represented by counsel and that respondent's attorney prepared the agreement. Accordingly, any ambiguity must be construed against the respondent. It is to be noted that the agreement makes no specific reference to the term 'alimony pendente lite'; however, it is urged that the words 'maintenance or support' found in the agreement preclude an award . . . With this position we cannot agree.

If the parties had intended that no award of alimony pendente lite be available to the wife petitioner, they should have said just that".

Order affirmed.

WOODSIDE and WATKINS, JJ., dissent.