## Commonwealth ex rel. Netsky v. Netsky

*William L. O'Hey, Jr.*, for plaintiff.

*Edward J. Ozorowski*, for defendant.

QUINLAN, J., March 1, 1962.—This is a proceeding under the Uniform Reciprocal Enforcement of Support Law, of May 10, 1951, P. L. 279, as amended, 62 PS §2043.1 et seq. The action was initiated by the prosecutrix in Broward County, Florida, by a petition for the support of herself and two minor children of which defendant is the father. In this petition, prosecutrix alleges, inter alia, that she is a resident of Florida; that defendant is a resident of Montgomery

County, Pennsylvania; that the latter has failed to provide support for either herself or the children since December 15, 1961, and, therefore, prays that the court of the responding state, Pennsylvania, issue an order against defendant in the amount of $200 per week for the support of prosecutrix and the said children. The petition, along with all the records in the proceeding, was certified by the said Florida court and forwarded to this court for a hearing upon the merits of the case.

At a hearing before the writer of this opinion, on February 16, 1962, this court refused to enter an order against defendant and continued the matter until a later date. On February 23, 1962, after argument of counsel on both sides, this court was of the opinion that an order sufficient for the support of the two children should be entered. Accordingly, an order of $100 per week was entered against defendant for the support of the two minor children, Sandra Mae and Michael Allan Netsky. This order was entered without prejudice to either side to subsequently seek an increase or decrease thereof.

It is clear both from the Pennsylvania and Florida version of the Uniform Reciprocal Enforcement of Support Law that defendant's duty of support should be determined according to the law of the State in which the defendant-obligor is present: Uniform Reciprocal Enforcement of Support Law, 62 PS §2043.7, F. S. A. §88.081. Therefore, defendant's obligation of support in this case is to be determined according to the law of Pennsylvania.

In her petition, the prosecutrix states that due to intolerable conduct on the part of defendant, her health deteriorated and she became emotionally disturbed. It is for this reason that she allegedly departed from the marital domicile here in Pennsylvania and went to live in Florida where she is at the present

time. There is not any specific evidence in the record before this court of any facts which would give prosecutrix an adequate legal cause for leaving the marital domicile. We cannot, under these circumstances, enter an order in favor of the prosecutrix.

The burden is upon the wife who has withdrawn from the marital domicile to prove that her husband's conduct justified her in leaving him or that he consented to the separation. A voluntary withdrawal by the wife without adequate legal reason defeats her right to support: Commonwealth ex rel. Lipschultz v. Lipschultz, 179 Pa. Superior Ct. 527 (1955); Commonwealth ex rel. Horan v. Horan, 77 Montg. 181 (1960); Commonwealth ex rel. Snyder v. Snyder, 8 Bucks 355 (1958). Here the wife has merely stated in her petition that because of health and emotional disturbance caused by defendant's conduct, she left defendant. There is no evidence in the record to substantiate these general allegations. The mere allegation that cohabitation is unbearable, unsupported by facts or reasons, is not sufficient to prove that the wife's departure was with adequate legal cause: Commonwealth ex rel. Lipschultz v. Lipschultz, supra. Moreover, defendant testified at the hearing before the writer of this opinion that he is willing to have his wife and children return to his home here in Pennsylvania. Under these circumstances, the wife has not met her burden of proving that her departure was justified and we cannot therefore enter an order in her favor.

The children, on the other hand, do not stand in the same position as their mother. Their right to support from their father is not defeated because the wife has taken them with her when she left the marital domicile: Commonwealth ex rel. Hitchman v. Hitchman, 5 Bucks 256 (1955). Moreover, the fact that the children are now out of this Commonwealth and the father

cannot share in their custody or even visit them, does not relieve him of the obligation to provide for their support: Commonwealth ex rel. Ribikauskas v. Ribikauskas, 68 D. & C. 336 (1949). If defendant is not satisfied with the custody by the mother and has legal reason for a change thereof, he has the appropriate remedy of habeas corpus, but the right to the custody of the children should not be decided in this support proceeding. We, therefore, felt obliged to enter an order which will adequately provide for the support of these two minor children. To that end, the court has entered an order in the amount of $100 per week for the support of the two children. This order was based upon the earnings of defendant as set forth in prosecutrix's petition. However, we feel that this order may be either insufficient or excessive in light of further testimony as to defendant's earnings and ability to pay. Therefore, this order will be without prejudice to either side to subsequently seek a modification thereof.

Finally, the argument is made that the jurisdiction of this court has been improperly invoked. Counsel for defendant argues that the Uniform Reciprocal Enforcement of Support Law was enacted to protect persons who were deserted by the one who has the obligation of their support and that to utilize this act to give the court jurisdiction where it is the wife-prosecutrix who has deserted is improper. We do not agree. Defendant is simply restating his argument that the prosecutrix is not entitled to support because she is the deserting party. Be that as it may, we do not believe that the legislature intended to deprive the children from support by their father merely because their mother has deserted their father and fled to another State while they are in her custody. It is the opinion of this court that jurisdiction was properly taken in this matter despite the fact that the prosecutrix may

have been the deserting party. Once the court has taken jurisdiction, it can decide, upon the merits of the case, whether or not the mother is the deserting party and deny support accordingly. This it has done.

*Order*

And now, March 1, 1962, for the foregoing reasons, the rule granted upon defendant to show cause why an order should not be entered against him for the support of his wife, Ann Netsky, is discharged and the petition as to her is dismissed; the rule is made absolute as to the two minor children of the parties. The order of this court entered February 23, 1962, in this matter is hereby affirmed.