## Liscio *v.* Liscio, Appellant.

84

Argued November 14, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Jerry B. Landis,* for appellant.

*Stephen A. Zappala,* for appellee.

OPINION BY RHODES, P. J., March 19, 1964:

This is an appeal by wife-defendant from a decree of the Court of Common Pleas of Allegheny County awarding the husband an absolute divorce on the ground of indignities.

The parties were married on May 2, 1953, and thereafter lived in plaintiff's house at Pittsburgh. At the time of the marriage plaintiff was sixty years of age and defendant was fifty. Plaintiff, a widower, had seven children by his first marriage, and defendant, a

widow, had four children by her first marriage. In 1959, plaintiff suffered a heart attack and was advised by his doctor to go to California for his health. On November 23, 1959, plaintiff sold his house in Pittsburgh, taking a purchase money mortgage thereon. The parties then moved to Colton, San Bernadino County, California, where they purchased a home after staying with plaintiff's daughter for a short time. The parties transferred their savings to California banks. They separated in California about April 1, 1960. Plaintiff returned to Pittsburgh on April 3, 1960, and defendant followed later.

Plaintiff filed a complaint on December 30, 1960, alleging indignities and cruel and barbarous treatment as grounds for a divorce. A petition for counsel fees and alimony was filed. A petition for a bill of particulars was also filed. Subsequently, defendant sought additional expenses for taking depositions in California. The court below dismissed this petition and ordered that plaintiff "may not under any circumstances mention the incidents or occasions which occurred in the State of California in the plaintiff's case in chief, but may defend himself by rebuttal testimony if utilized by the defendant." After the taking of testimony, the master filed a report on January 28, 1963, in which he recommended that a divorce be granted on the ground of indignities to the person. The court below dismissed exceptions to the master's report, and entered a decree in divorce on September 12, 1963, from which defendant has appealed.

The issues before us in this appeal are (1) whether the Court of Common Pleas of Allegheny County had jurisdiction to hear this divorce action; (2) whether the testimony was sufficient for the granting of the decree in divorce; and (3) whether there was error in not allowing defendant the expenses necessary to take depositions in California.

Defendant excepted to the master's finding that the parties resided in Pennsylvania about fifty years prior to the filing of the complaint. Defendant claimed that the court lacked jurisdiction because the plaintiff was not "a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel:" Act of May 2, 1929, P. L. 1237, §16, as amended, 23 PS §16.

After a domicile is acquired, continuance is presumed until a change is shown. The burden of proving a change of domicile rests upon the person asserting the allegation. To constitute the new domicile, there must be residence in the new locality and the intention to remain there. Both these requirements are necessary. One without the other is insufficient. A mere absence from a fixed home, without corresponding intent, will not result in a change of domicile. *McCauley v. McCauley*, 184 Pa. Superior Ct. 361, 366, 134 A. 2d 684.

Plaintiff stated that he went to California for reasons of health and intended to remain there only until his health improved. He sold the Pittsburgh home because of trouble with his neighbors. When rents in California proved to be excessive, he purchased a home there. Plaintiff intended to return to Pennsylvania, where six of his children resided while only one lived in California. Defendant testified that plaintiff intended to take up a permanent residence in California.

The fact that plaintiff sold his home in Pittsburgh, bought a home in California, and transferred his savings to California may have had some significance, but this was not controlling to show change of domicile. There is sufficient credible evidence in the record to support the master's finding that plaintiff's four months' sojourn in California was intended to be temporary and for the limited purpose of regaining his health. See *Huston v. Huston*, 130 Pa. Superior Ct. 501, 508, 197 A. 774.

On appeal we are obliged to review the record and make an independent determination whether the evidence warrants a decree. *Levitz v. Levitz,* 199 Pa. Superior Ct. 327, 330, 185 A. 2d 620. The master's report, "although advisory only, is to be given the fullest consideration as regards the credibility of witnesses whom he has seen and heard." *Manley v. Manley,* 193 Pa. Superior Ct. 252, 254, 164 A. 2d 113, 115.

We agree with the master and the court below that the preponderance of credible evidence established that the defendant's indignities were sufficient to warrant a divorce decree.

On the question of indignities plaintiff testified that he owned six life insurance policies covering his six children, wherein he was named beneficiary. Defendant continually nagged plaintiff and demanded that these policies be cashed. Upon his refusal, defendant later cashed the six policies without plaintiff's consent or knowledge. Two of plaintiff's sons, Richard and Leonard, testified that defendant had induced them to endorse the insurance checks, falsely representing that plaintiff desired them signed, when, in fact, plaintiff knew nothing about cashing the policies.

Plaintiff also testified that defendant used vile language in the privacy of their home and before his children, falsely accused him of adultery and drunkenness, referred derogatorily to his first wife and family, and falsely accused him of beating her. Plaintiff's testimony was corroborated by his witnesses. On one occasion plaintiff testified that he was forced to sleep on the porch. A neighbor saw him there and covered him with a blanket. This was corroborated by the neighbor.

Defendant contradicted plaintiff's evidence in many respects. She denied having seen the insurance company checks, and further denied refusing to cook for plaintiff. Defendant denied using vile language, and

stated she did not remember writing a letter to her husband, which was introduced in evidence and which contained such language.

Our review of the record indicates that the evidence is sufficient to show conduct by defendant which amounts to indignities under the law of this Commonwealth. *Baio v. Baio,* 196 Pa. Superior Ct. 202, 204, 173 A. 2d 800.

Defendant maintains that, since plaintiff continued to live with her after the alleged indignities, he is barred from a divorce. It is not a prerequisite to a husband's suit for divorce on the ground of indignities that he withdraw from the common abode. *Horton v. Horton,* 170 Pa. Superior Ct. 209, 212, 85 A. 2d 602. This is the rule where the plaintiff is residing in a common domicile after initiating a divorce action. However, the case at bar does not present that problem. Plaintiff discontinued living with the defendant on or about April 1, 1960. The divorce action was instituted on December 30, 1960. The defendant's conduct persisted until the separation. Plaintiff's leaving was a culmination of the burdensome and intolerable conduct of defendant. There is no question that plaintiff has sufficiently met his burden.

Finally, defendant alleges that the court below erred in denying her petition for expenses to take depositions in California under the Act of May 2, 1929, P. L. 1237, §46, 23 PS §46. She relied on the fact that the parties never separated prior to the California trip, and that the testimony, if taken in the depositions, would have been crucial to her case. Under the Act, the making of allowances to a wife is not mandatory, and the matter is largely within the discretion of the trial court. *Hanson v. Hanson,* 177 Pa. Superior Ct. 384, 386, 110 A. 2d 750. While the order of the court below refused defendant's petition for expenses covering California depositions, plaintiff was precluded from introducing

California incidents in his testimony in chief, and was limited to rebuttal if defendant introduced such evidence. We find no abuse of discretion in the refusal of the court to grant defendant's petition for additional expenses covering the California depositions.

Upon a review of the evidence, we conclude that the court below had jurisdiction, and that plaintiff, as the injured and innocent spouse, established a course of conduct on the part of defendant which amounted in law to indignities entitling him to a decree.

The decree is affirmed.

DISSENTING OPINION BY WRIGHT, J.:

I respectfully dissent. This record clearly discloses that the parties moved from Pennsylvania to California and established a permanent home there. Since the complaint was filed within one year after the husband's return to Pennsylvania, it should have been dismissed for lack of jurisdiction.

FLOOD, J., joins in this dissent.