**Heymann v. Heymann, Jr.**

*H. E. Kohn*, for plaintiff.

*M. Witkin* and *I. Raymond Kremer*, for defendant.

MONTEMURO, J., November 17, 1971.—Plaintiff, Evelyn M. Heymann, instituted an action in divorce a. m. et t. on April 15, 1971. On April 19, 1971, before service was made upon defendant, a petition for alimony *pendente lite* and counsel fees was filed. Plaintiff filed notices of the taking of depositions and served subpoena upon defendant's secretary, Marie A. Iacovone, and upon a number of individuals and business concerns with whom defendant allegedly had business dealings.

There was some dispute as to jurisdiction over the person of defendant, since service was made by publication. Counsel has entered an appearance for defendant, so that there is no longer any question of jurisdiction. Motions for protective orders were filed in behalf of Marie A. Iacovone, and defendant, and plaintiff has filed a motion for sanctions.

We must determine whether, under certain admitted facts, discovery should be permitted at this time and, if discovery is permitted, we must determine its range and extent. It is undisputed that defendant is paying to plaintiff the sum of $335 per week, in addition to paying many of the household expenses incurred by the wife, who is living in the home which was occupied by the parties prior to their separation.

We believe that a review of the history, the scope and the purpose of the action of divorce a. m. et t., and of the procedure, as well as the purposes of the allow-

ance of alimony pendente lite in divorce cases, may be helpful in providing a blueprint for the parties in this litigation.

The divorce a mensa et thoro had its origin under the ecclesiastical law, which did not permit absolute divorce. Its continued existence as a remedy, notwithstanding the disappearance of the causes for its origin, has been justly and severely criticized in Freedman's Law of Marriage and Divorce in Pennsylvania, 2d ed., sec. 354. Actions instituted are very seldom prosecuted to the final entry of an order for permanent alimony. In Philadelphia, only 10 orders for permanent alimony were ordered in 1970 and five in 1971, in actions of divorce a. m. et t.

Actions are instituted principally as a ploy in efforts to obtain favorable property settlements. In most cases, the actions are either dropped or converted to actions for divorce a. v. m.

Proceedings for alimony pendente lite are also often employed to apply coercive efforts in an attempt to obtain maximum settlements. As a result, in many cases where the husband is affluent, the petitions for alimony pendente lite and counsel fees tend to thrust the principal action of divorce into a subordinate position.

The purpose of alimony pendente lite is to provide such reasonable sum as will permit the wife either to prosecute or defend a divorce action without being hampered by insufficient funds. It differs from an action for support: Belsky v. Belsky, 196 Pa. Superior Ct. 374; Cox v. Cox, 187 Pa. Superior Ct. 177; Wargo v. Wargo, 184 Pa. Superior Ct. 587.

On the other hand, an award of permanent alimony is a support order. All of the elements which must be considered in imposing a support order are relevant in determining the award of permanent alimony in an action in divorce a. m. et t., and a decree awarding per-

manent alimony is a bar to any action for support of the wife in quarter sessions: Marra v. Marra, 189 Pa. Superior Ct. 180.

Counsel for defendant argues that the issues of alimony pendente lite and permanent alimony should be referred to a master. We cannot agree. The 1959 amendment to the Divorce Code provides that issues of custody, paternity and support cannot be referred to a master: 23 PS §36. Prior to this amendment, the determination of the amount of permanent alimony was often referred to a master. There was no express authority for this practice and, in our opinion, it was of dubious validity. Pennsylvania Rule of Civil Procedure 1132 provides that, where there is an issue of fact with respect to alimony pendente lite, the court must fix the amount of the order based upon depositions; and the 1959 amendment now clearly prohibits the submission of the issue of permanent alimony to a master.

If an order of permanent alimony is to be entered in this case, it will have to be entered by the court, based either on testimony or depositions. We believe that the motions for protective orders should be denied insofar as they relate to matters which are relevant, to wit, the earnings, earning power, income and separate estate of *both* plaintiff and defendant. In Hammond v. Hammond, 207 Pa. Superior Ct. 333, 336, the court said:

"We have here a woman who is well educated, without children and able to follow several fields of endeavor and who has within the last fifteen years received several substantial inheritances, but who now says she is without assets and unable to work. . .

"At this time . . . equal rights, regardless of sex, are constantly being asserted, and . . . we have repeatedly stated that the financial positions of the parties, their respective earning capacities, their separate

estates, together with their needs are fundamental questions in the determination of an award."

We do not believe, however, that the spending habits of either party are relevant, or are any questions concerning extravagant expenditures. Therefore, we grant the motion for a protective order relating to records of travel agencies, Diner's Club and American Express Co. If the depositions confined to the areas which we deem relevant do not yield information upon which a fair and equitable award may be made, counsel for plaintiff may petition for leave to extend the discovery.

We expect counsel for both sides to cooperate fully in providing all relevant information and records, and it should not be necessary to call upon the court to resolve disputes which experienced counsel should be able to resolve. If it becomes necessary, we will not hesitate to impose sanctions upon a party or counsel who unreasonably fails to comply with the discovery procedure as we have attempted to outline it in this memorandum.

In order to assure prompt prosecution of the merits of the action, any order for alimony pendente lite which is entered in this case will commence from the date that a motion for the appointment of a master is filed.

## ORDER

And now, November 17, 1971, the motions for protective orders are denied, except as to the records of Rosenbluth Travel Agency, American Express Co., Diner's Club and McFarland Landscape Services, Inc.

Discovery shall be confined to the earnings, earning capacity, income and property of the parties.

Any order for alimony pendente lite shall commence from the date of filing of a motion for the appointment of a master.