# Barno v. Farruggia

*G. N. Evanshavik*, for plaintiff.
*Francis A. Muracca*, for defendant.


BROSKY, *J.*, March 10, 1976—


## HISTORY

The parties were married in 1948, one female child was born of this union on August 13, 1949, and the parties were divorced in 1951. An order for the support for this child was entered against defendant in 1951 and subsequently amended in 1952.

As a result of erratic compliance with his support obligation, defendant's arrearages exceeded $6,600 by November 1974. Thereupon, plaintiff endeavored to enforce the support order and appeared on November 18, 1974, in that regard before

the Honorable Rolf Larsen, judge within the Family Division of the Allegheny County Court of Common Pleas. At that hearing, Judge Larsen reduced the arrearages to $3,900 and entered judgment thereon.

Subsequent to the entry of judgment, plaintiff unsuccessfully endeavored to collect thereon. On June 13, 1975, a rule issued to show cause why defendant's wages should not be attached to satisfy the judgment. After hearing, the Honorable Louis J. Sparvero dismissed the rule on August 27, 1975, without prejudice, to enable plaintiff to proceed in accordance with the Act of May 10, 1921, P.L. 434, sec. 1, 48 P.S. §136. Subsequently, a petition for a rule to attach defendant's wages was presented to this court and the matter was heard November 7, 1975.

## FINDINGS OF FACT

A support order was entered against defendant in 1951. The child to whom the benefits under the support order were to flow was of majority age when the instant proceeding was initiated two years ago.

Defendant's erratic compliance with the support order was tolerated by plaintiff until substantial arrearages accumulated. The final amount of these arrearages was fixed at $3,900 by court order and judgment was entered thereon. This current litigation attempts to satisfy that judgment by an attachment of defendant's wages.

## ISSUE

Are wages and/or salaries which are still in the hands of an employer subject to attachment upon a judgment for old child support arrearages?

## CONCLUSIONS OF LAW

It is firmly established Pennsylvania policy that an individual's wages or salaries in the hands of an employer shall not be liable to attachment or execution by a creditor: Act of April 15, 1845, P.L. 459, sec. 5, 42 P.S. §886.

This policy determination by the legislature reflects the fundamental intention that the fruits of mental and manual labor should be preserved for the employe and/or his/her family in order that the earnings should go to supply daily needs without hindrance from creditors: Bell v. Roberts, 150 Pa. Superior Ct. 469, 28 A. 2d 715 (1942). Said policy has been reaffirmed and exemplified by the appellate decisions holding that this exemption cannot be waived: Id. Furthermore, the courts have been uniform in protecting and assisting wage earners in obtaining the fruits of his/her labor without interference from creditors: Wagner-Taylor Co. v. McDowell, 137 Pa. Superior Ct. 425, 9 A. 2d 144 (1939).

To further this objective of assuring that an individual's wages and/or salaries should benefit those who are dependent upon him/her, the Pennsylvania Civil Procedural Support Law carved out a significant exception relative to this policy against wage attachments. Thus, the statute currently provides that:

"The wages, salary or commissions of any person *owing a duty of support* may be attached . . ." (Emphasis supplied): Act of July 13, 1953, P.L. 431 sec. 9(c), as amended, 62 P.S. §2043.39. Thus, an individual's earnings were protected from general creditors and thereby made readily available to meet current maintenance needs of the employe

and/or his family whether the family members continue to reside together as a unit or whether they live apart.

Throughout the foregoing discussion, there is evident the concept that Pennsylvania places foremost priority on having an individual's earnings used for the family's basic, currently required necessities. In this regard, there is an inherent corresponding duty incumbent upon a spouse who is charged with the beneficiary child's custody to take all reasonable action to insure proper payments under a support order are satisfactorily made and directed to the benefit of such child's current needs. As a potential plaintiff in an appropriate action, the custodian ex-spouse should prosecute the claim with reasonable diligence: Rosenberg v. Silver, 374 Pa. 74, 97 A. 2d 92 (1953).

In instances where the custodian spouse elects to provide for the dependent child without enforcing the support order in timely fashion, such an election constitutes a deliberate course of conduct which runs contra to the preferred procedures which have been designed by our legislature and approved by our courts. Any course of action which delays enforcement of a support order until the beneficiary child is an adult and arrearages are substantial must be construed as a calculated maneuver which converts an otherwise preferred status into the status of a judgment creditor. Such delayed court proceedings which are initiated after the duty of support has terminated are in reality attempts to collect upon a debt which runs exclusively to plaintiff-parent's benefit.

Thus, in the instant case, plaintiff became a general creditor when the judgment was entered in her favor for $3,900 based upon old support arrearages.

As such, defendant became entitled to the benefits of the Act of April 15, 1845, which exempts wages and salaries in the hands of the employer from execution or attachment.

In light of the preceding, defendant's motion to quash the attachment must be granted and plaintiff's petition for a rule to attach defendant's wages will be denied.

Plaintiff cannot escape this result by alternatively relying upon the Act of May 10, 1921, P.L. 434, sec. 1, 48 P.S. §136, which states:

"Whenever any court . . . has . . . entered a . . . judgment against any husband requiring him to pay any sum . . . for the support of his wife or children. . . ., the court may issue the appropriate writ of execution against any property, real or personal, belonging to the defendant to enforce said . . . judgment, and the said court may issue a writ of attachment execution . . . against any money or property to which said husband is entitled whether under what is known as a spendthrift trust or otherwise . . .; and, in cases of . . . attachment of any, . . . trust, said . . . attachment shall only be for fifty per centum thereof . . . The person against whom such . . . judgment is made shall not be entitled to the benefits of any exemption law now in force or hereafter passed. The provisions of this act shall apply to any trust, whether it is such a trust as is known as a spendthrift trust or otherwise . . ." This act fails to provide a remedy to this plaintiff in two respects.

First. The decision in Lippincott v. Lippincott, 349 Pa. 501, 37 A. 2d 741 (1944), restricted the applicability of the act to instances where there still existed a marriage between the parties. This result

arose from the court's determination that the word "wife" means a woman in lawful wedlock and does not include "former wife," "divorced wife," or "ex-wife." Thus, the word "husband" should be similarly interpreted to be exclusive of terms such as "former husband," "divorced husband," or "ex-husband."

Second. The object of this statute, as evident from the language of its last sentence, was to make trusts generally, particularly spendthrift trusts, susceptible to executions to enforce orders of support. See also Wargo v. Wargo, 190 Pa. Superior Ct. 356, 154 A. 2d 339 (1959).

In light of the fact that plaintiff and defendant have been divorced and the lack of any trust, the previously discussed conclusions of law remain unaffected by the Act of May 10, 1921, supra. Furthermore, this act reinforces the fundamental policy (which was discussed earlier) of encouraging that current earnings be utilized for current, fundamental living expenses.

## ORDER

And now, March 10, 1976, after hearing, plaintiff's petition for a rule to attach defendant's wages is hereby denied.

Further, defendant's motion to quash the attachment is granted.